John Hancock Mutual Life Insurance Company, Respondent, *v.* Julius Lowenberg, Appellant.

A surety is entitled to a strict construction of his obligation; it may not be enlarged by implication to cover anything not in the contemplation of the parties at the time it was executed.

In an action upon a bond executed by defendant, as surety, it appeared that plaintiff entered into a written agreement with W. to take charge of its business at B., authorizing him to collect premiums on policies, W. agreed promptly to pay collections over to the company or such person or bank as its treasurer should designate. W. was to be allowed to

draw monthly, at the rate of $2,000 per annum; at the expiration of the year any amount due him for commissions to be paid him, and any amount overdrawn to be returned to the company. At the end of the year the agency terminated. W. correctly accounted for and paid over all moneys received by him as such agent, except $9.22 and the further sum of $2,000, which he had retained in monthly installments, in accordance with the contract; of this sum $1,175.90 was retained without plaintiff's consent and against its objection, and in excess of commissions earned. The condition of the bond was that W. should keep true and accurate accounts of all business intrusted to him, promptly pay over all moneys received by him belonging to the company, and "will strictly perform" all the duties of his agency. The terms of his agreement with plaintiff were not known to defendant at the time he executed the bond. *Held,* that plaintiff was not entitled to recover the excess of advances retained by W. over commissions earned; that the undertaking was simply for the faithful discharge, by W., of his duties as agent, as to the money coming to his hands; and that, while the excess was received by W. in a fiduciary capacity, its retention was authorized by the agreement, and for that amount he was liable simply as an ordinary debtor; also that the nature of the liability was not affected by the fact that plaintiff objected to W.'s retaining the money.

(Argued March 3, 1890; decided March 21, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 31, 1886, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts are sufficiently stated in the opinion.

*F. R. Minrath* for appellant. The bond in suit was merely a guaranty of the honesty and the integrity of the agent and not a guaranty of the performance by the agent of a contract to repay to the principal at the end of the year the sum of $2,000. (*Bigelow* v. *Benton,* 14 Barb. 123; *Hayden* v. *Crane,* 1 Lans. 181; *Wright* v. *Johnson,* 8 Wend. 512; *Colemard* v. *Lamb,* 15 id. 329; *Hunt* v. *Smith,* 17 id. 179; *Dobbin* v. *Bradley,* Id. 422, 424; *Walrath* v. *Thompson,* 6 Hill, 540; *Leeds* v. *Dunn,* 10 N. Y. 469; *McCloskey* v. *Cromwell,* 11 id. 593; *Barnes* v. *Barrow,* 61 id. 39; *Strong* v. *Lyon,* 63.

id. 172 ; *Schwartz* v. *Hyman*, 107 id. 562 ; *Russell* v. *Clarke*, 7 Cranch, 69 ; Story on Cont. § 247; *G. Bank* v. *Edwards*, 53 N. Y. 541 ; Code Civ. Pro. § 550, subd. 3 ; *Stoll* v. *King*, 8 How. Pr. 298.) The agent's letter to the principal, dated February 21, 1878, is not a valid waiver of said agent's right to retain until the end of the year $166.66 per month out of premiums collected by him, and such right continued until the end of the year in spite of said letter, and defendant should, therefore, be held not to be liable for the amounts retained after February 21, 1878. (*Beach* v. *Smith*, 3 N. Y. 16 ; *P. Co.* v. *Burkhart*, 97 U. S. 117 ; *Ormsby* v. *Nevada*, 6 Nev. 283 ; *Harrison* v. *Wood*, 8 Bing. 371 ; *Gibbons* v. *United States*, 1 Dev. 51 ; *Cooper* v. *Cooper*, L. R. [8 Ch. App.] 813, 824 ; *Chase* v. *Ewing*, 51 Barb. 597, 612 ; *Nolan* v. *Bolton*, 25 Ga. 352, 356 ; 1 Parsons on Cont. 427.) If said letter and acceptance constituted a waiver of the right to draw $166.66 per month, it constituted a material change of the contract between the principal and the agent, without the knowledge of the surety, and the surety was thereupon discharged from all liability on such bond. (*Place* v. *McIlvain*, 38 N. Y. 96 ; *Calvo* v. *Davies*, 73 id. 211 ; *Greene* v. *Bates*, 74 id. 333 ; *Pybus* v. *Gibb*, 6 E. & B. 902 ; *Miller* v. *Stewart*, 9 Wheat. 680 ; *Polak* v. *Everett*, L. R. [1 Q. B. Div.] 669, 673.) The bond being without consideration, therefore, is void, and defendant cannot be held thereon. (*Burnett* v. *Bisco*, 4 Johns. 235 ; *Leonard* v. *Vredenburgh*, 8 id. 29 ; *Brewster* v. *Silence*, 8 N. Y. 207 ; 2 Kent's Comm. 463 ; Blackstone's Comm. 444.)

*Newbold L. R. Edgar* for respondent. The referee had power to permit the amendment to the complaint, inserting therein a claim for interest. The motion should be denied on the ground of laches, and that the application was too late if made when a case was actually on for its second trial. (Code Civ. Pro. § 1018 ; *Gilchrist* v. *Gilchrist*, 44 How. Pr. 317 ; *Schreyer* v. *Mayor, etc.*, 7 J. & S. 277 ; *Fogg* v. *Edwards*, 20 Hun, 90 ; *Smith* v. *Rathbun*, 13 id. 47 ; *Beers*

v. *Shannon,* 73 N. Y. 292; *Bullock* v. *Bemis,* 40 Hun, 623; *Lyon* v. *Clark,* 8 N. Y. 148; *Brainerd* v. *Jones,* 18 id. 35; *G. P. Co.* v. *Benedict,* 5 J. & S. 430; *Hood* v. *Haywood,* 40 Hun, 297.) There was a sufficient consideration for the guaranty in the continuance of the principal in his agency after October 9, 1877, the date of the execution of the bond. (Code Civ. Pro. § 840; 2 R. S. 406, § 77; *Hurd* v. *Green,* 17 Hun, 327; *Tory* v. *Block,* 58 N. Y. 186; *Von Amburgh* v. *Cramer,* 16 Hun, 205; *Anthony* v. *Harrison,* 14 id. 198; *Williams* v. *Marshall,* 42 Barb. 524; *H. Ins. Co.* v. *Watson,* 59 N. Y. 390; *E. Bank* v. *Kauffman,* 93 id. 273; *Drake* v. *Seaman,* 97 id. 230; *Church* v. *Brown,* 21 id. 315.; De Colyar on Guarantees, 22; 2 Parsons on Cont. 7; *McNaught* v. *McClaughry,* 42 N. Y. 22; *F. N. Bank* v. *Spinney,* 47 Hun, 293; *Leonard* v. *Vandenburgh,* 3 Johns. 29; Burge on Suretyship, 11; *United States* v. *Tinn,* 15 Pet. 290.) The general rule of law is that a contract of suretyship, such as the bond in suit, is to be construed *strictissimi juris,* but the courts always seek such a construction as will best accord with the true intent of the parties at the time of the execution of the contract, and endeavor to give the contract a fair and reasonable interpretation, and to that end will look at the surrounding circumstances. (*Mann* v. *Eckford,* 15 Wend. 502 [508]; *Belloni* v. *Freeborn,* 63 N. Y. 383, 388; *Yates* v. *McKee,* 13 id. 232; *Poppenheusen* v. *Seeley,* 3 Keyes, 150; *Hamilton* v. *Van Rensselaer,* 43 N. Y. 244; *Melich* v. *Knox,* 44 id. 677; *A. Bank* v. *Strever,* 18 id. 502; *W. N. Y. L. Ins. Co.* v. *Clinton,* 66 id. 326 [331]; *People* v. *Lee,* 104 id. 441; *Strong* v. *Lyon,* 63 id. 172; *Hayden* v. *Crane,* 1 Lans. 181; *Cushman* v. *U. S. L. Ins. Co.,* 70 id. 72; *E. N. Bank* v. *Kauffman,* 93 id. 273; *Cassoni* v. *Jerome,* 58 id. 315, 321; *H. M. Co.* v. *Farrington,* 82 id. 121; *Wallace* v. *Wilder,* 13 Fed. Rep. 707, 715; *Magee* v. *M. L. Ins. Co.,* 92 U. S. 98, 100; *N. M. L. Ins. Co.* v. *Mooney,* 108 N. Y. 118.) The admission of evidence objected to, which is immaterial and could not have prejudiced the party objecting, is not a ground of reversal. (*Tenney* v. *Berger,* 93 N. Y. 524.)

Haight, J.   This action is brought upon a bond executed by the defendant as surety to recover the amount alleged to be due and owing the plaintiff by one Rudolph W. Wolffsohn, its agent.

The referee has found as facts, in substance, that on the 27th day of August, 1877, the plaintiff entered into a written agreement with Wolffsohn, by which he became the agent of the company, to take charge of its business in the city of Buffalo and vicinity; that under the provisions of the contract he was authorized to make collections for premiums due or that should become due upon policies, and to promptly pay the money so collected to the company or to such company or bank as the treasurer may designate from time to time.   It was further agreed that he should be allowed to draw at the rate of $2,000 per year, payable monthly, and at the expiration of the year any amount due him for commissions should be paid to him, and any amount overdrawn by him should be returned to the company; that the defendant in executing the bond in question had no express knowledge of the agreement between the plaintiff and Wolffsohn, and that he never subsequently expressly agreed thereto ; that at the end of the year the agency terminated, and it was then found that Wolffsohn, the agent, had correctly accounted for and paid over all moneys received by him as such, except the sum of $9.22 and the further sum of $2,000, which had been retained by him in monthly installments of $166.66 in accordance with the provisions of the contract.   It was further found that of this sum $500 had been advanced to him in cash by the plaintiff in October and November, 1877; that the monthly installments of $166.66 up to the 27th day of January, 1878, were retained by him with the consent of the plaintiff; that the monthly installments retained by him thereafter to the end of the year, amounting to the sum of $1,175.90, was retained by him without the consent of the plaintiff; that the commissions earned by him did not cover the same, and judgment for that amount was ordered against the defendant upon the bond.

The condition of the bond is: " That if the said Rudolph W. Wolffsohn shall keep true and accurate accounts of all

business of said company intrusted to him, shall promptly pay to said company or to such person or bank as the treasurer of said company may designate from time to time, all moneys of said company that may be received by him or come into his possession or control, shall deliver all the property of said company that he may at any time receive or obtain control of to such person as may be at any time designated for that purpose by the president of said company, and shall well and truly perform, all and singular, the duties of agent of said company which may be at any time required of him in that capacity; and cease to act as such agent whenever required so to do by the president of said company, for the time being, then this obligation shall be null and void, otherwise to remain in full force and effect."

The question presented for review under the exceptions taken in this case is as to the right of the plaintiff to recover of the defendant the excess of advances for salary or commissions over and above commissions earned retained by Wolffsohn under the provisions of the contract. It will be observed that the bond makes no allusion to the contract or to the money advanced by the company to its agent by way of salary or commissions. The condition of the bond relates exclusively to the faithful discharge of the duties of Wolffsohn as agent of the company, and the delivery of all property and the payment over of all moneys coming to his hands as such agent. The rule is that a surety is entitled to a strict construction of the bond under which it is sought to make him liable, and that it cannot be enlarged by implication to cover anything which was not in the contemplation of the parties at the time the bond was executed. (*Bigelow* v. *Benton*, 14 Barb. 123; *Barns* v. *Barrow*, 61 N. Y. 39; *Schwartz* v. *Hyman*, 107 id. 562.)

There was no evidence tending to show that the surety, at the time of executing the bond, had any knowledge of the agreement existing between the plaintiff and Wolffsohn. The referee has found that the defendant had no express knowledge of the agreement. The position of Wolffsohn, as dis-

closed by the condition of the bond, was that of agent, and as such he was to keep true and accurate accounts and promptly pay to the company, or to such person or bank as should be designated, any moneys or property coming to his possession as such agent. The defendant, as surety, may have been willing to undertake that Wolffsohn would faithfully discharge the trust reposed in him as such agent, as to the money and property coming to his hands for which he would be criminally liable for misappropriation, when he would not be willing to become surety to pay his ordinary debts. Whilst the money sought to be recovered in this action was received by Wolffsohn in a fiduciary capacity, it was retained by him under the provisions of the agreement, which permitted him so to do, to apply upon his commission or salary, and the circumstances under which it was retained are such as to lead to the inference that it was within the contemplation of the parties that he should have the right to use and expend the same for the support of himself and family. The provisions of the contract requiring him to repay at the end of the year in case his commissions did not amount to the sum so retained, would make him liable for such amount as an ordinary debtor. He would not be liable for embezzlement or misappropriation in case of his inability to repay. It is true that the plaintiff objected to his retaining the monthly allowance after the 27th day of January, 1878, but he had the right so to do under his contract with the company, and the company thereafter permitted him to continue as its agent until the end of the year, although it had the right to terminate its contract with him on a written notice of thirty days. It appears from the evidence, although not found by the referee, that Wolffsohn wrote the plaintiff upon the 21st day of January, 1878, to the effect that he should not draw any more money on account of his commissions under the contract, but it does not appear that this letter operated to change the relation of the parties or affect his rights under the contract. It was but a voluntary resolution on his part, which he subsequently did not see fit to live up to. It consequently appears to us that the money sought herewith to be recovered

must be deemed to have been retained by Wolffsohn as an advancement upon his salary or commissions under his agreement with the plaintiff, and that the defendant is· not liable therefor as surety upon the bond.

The judgment should be reversed and a new. trial granted with costs to abide the event.

All concur, except BRADLEY and BROWN, JJ., not voting. Judgment reversed.