SAMUEL McELROY, Appellant, v. HENRY MUMFORD et al., Respondents.

The rule which restricts the liability of sureties to the strict terms of their contract and forbids an extension thereof by inference or implication, does not apply to a case where the instrument shows a clear intention, on the part of the sureties, to come under a more enlarged obligation.

An undertaking on appeal may be in any form which expresses the intent of the parties with sufficient clearness to enable the court to understand its meaning.

It is not the office of the undertaking to show the nature and scope of the appeal, and the only object of describing the judgment therein is to enable it to be identified as the subject of the instrument, and when this is accomplished its office is performed.

Under the provision of the Code of Civil Procedure (§ 1332), that in case of an appeal to the Court of Appeals from a judgment or order of affirmance, "the undertaking must be the same as if the judgment or order from which the appeal is taken was to the same effect as the judgment or order so affirmed," an order of affirmance must be treated as though it had directed the payment of the same sum as that provided for by the original judgment, and an undertaking given on appeal from a judgment of affirmance has the same effect as if the judgment had expressly directed the payment of the sum included in the original judgment.

An undertaking given upon an appeal to this court from a judgment of the General Term, after describing the judgment as one recovered by the respondent against the appellant on December 12, 1887, for "$122.97, being costs of affirmance," and after stating the court and county in which it was entered, was to the effect that in case of affirmance the appellant would pay the sum directed to be paid by the judgment appealed from, or the part thereof affirmed. The notice of appeal served therewith described the appeal as from an order affirming a judgment entered June 30, 1887, for $3,659.08, and from a judgment entered December 12, 1887, "for $122.97, costs upon said affirmance." The order for judgment entered at General Term recited the affirmance, on December 12, 1887, of the judgment entered June 30, 1887,

with costs and disbursements; that the costs had been taxed at $122.97. In an action upon the undertaking, the sureties claimed that, as the undertaking referred to the judgment of General Term as one for costs alone, it should not be held to cover the original judgment which was affirmed, and so, that they were only liable for so much of said judgment as awarded costs. *Held*, untenable; that the evident intent was to appeal from and to secure a stay on the entire judgment of the General Term (Code Civ. Pro. 1326, 1327, 1334), and this the language of the undertaking sufficiently indicated, and so, it must be held to be applicable to the entire judgment, not simply to the costs, a mere incident thereof, and as the effect of such judgment was to authorize the plaintiffs to proceed and collect the original judgment, the sureties were liable for its payment.

*Morss* v. *Hasbrouck* (10 Abb. [N. C.] 407), disapproved.

*McElroy* v. *Mumford* (59 Hun, 173), reversed.

(Argued June 12, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1891, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term and directed a new trial.

This was an action upon an undertaking on appeal, of which the following is a copy:

"N. Y. SUPREME COURT — KINGS COUNTY.

" SAMUEL McELROY, Respondent, *against* THE BROOKLYN UNDERGROUND RAILROAD COMPANY, Appellant.

" Undertaking on appeal from a judgment directing the payment of money.

" WHEREAS, on the twelfth day of December, 1887, in the New York Supreme Court, county of Kings, Samuel McElroy, the above-named respondent, recovered a judgment against The Brooklyn Underground Railroad Company, the appellant, for the sum of $122.97, being costs of affirmance, and with interest thereon from that date.

" And the said appellant, feeling aggrieved thereby, intends to appeal therefrom to the Court of Appeals.

" Now, therefore, we, Henry Mumford, residing at No. 218 Quincy street in the city of Brooklyn, and John French, resid-

ing at No. 469 Clinton avenue in Brooklyn city, do hereby, pursuant to the statute in such case made and provided, jointly and severally undertake that the appellant will pay all costs and damages which may be awarded against it on said appeal not exceeding five hundred dollars, and do also undertake that if the said judgment so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which judgment affirmed.

"Dated *December* 21st, 1889.

"JOHN FRENCH,

"HENRY MUMFORD."

The material facts are stated in the opinion.

*T. C. Cronin* for appellant.   The undertaking provided for the payment of the balance of the judgment appealed from and unpaid under the notice of appeal, that is, all of the judgments below, and is in strict conformity to the Code. (Code Civ. Pro. § 1351; *Morss* v. *Hasbrouck*, 15 Wkly. Dig. 308; 13 Abb. [N. C.] 481.)   The sureties are liable on the undertaking, when the notice of the appeal covers the judgments and orders in the court below as the judgment so "appealed from or any part thereof," and the stay was acted on, as secured by the undertaking, as in this case. (*Goodwin* v. *Bunzl*, 102 N. Y. 224; *Deossy* v. *Morgan*, 74 id. 11; *Lowe* v. *Burdett*, 32 Hun, 588; *Hill* v. *Burke*, 62 N. Y. 111; *Hemingway* v. *Poucher*, 98 id. 281; *C. S. & A. Assn.* v. *Read*, 124 id. 189.)

*Leslie W. Russell* and *Welton Percy* for respondents.   The undertaking in suit did not purport to bind the sureties to pay the original judgment.   It was good as the jurisdictional undertaking required on appeal to this court, and bound the sureties to pay the $122.97 judgment at General Term, and the costs in this court.   It recited nothing more. (Code Civ. Pro. §§ 993, 1317, 1326, 1332; *Morss* v. *Hasbrouck*, 10 Abb. [N. C.] 407; *Hinckly* v. *Krutz*, 58 N. Y. 583; *Briggs* v. *Brown*, 13 Abb. [N. C.] 481; *Hill* v. *Burke*, 62 N. Y. 111; *Post* v. *Doremous*, 60 id. 371.)

Ruger, Ch. J.    It is not claimed that the undertaking given on an appeal to this court and sued upon, was insufficient in form to stay an execution on the original judgment, except for the alleged fact that such judgment was not fully described in the recitals of the instrument.    The undertaking describes the judgment of the General Term as one that was recovered by the respondent against the appellants in the New York Supreme Court, county of Kings, on the 12th day of December, 1887, "for the sum of $122.97, being costs of *affirmance* and with interest thereon from that date."    If this recital had referred to the judgment as being one of affirmance, with costs, no question could have been raised as to the sufficiency of the undertaking to secure a stay of execution upon the original judgment.    The notice of appeal to this court, which was served simultaneously with the delivery of the undertaking, described the appeal as taken "from an order made and entered herein on the 12th day of December, 1887, affirming a judgment entered herein on the 30th day of June, 1887, for $3,659.08, and from the judgment entered herein on the 12th day of December, 1887, for the sum of $122.97, costs upon said affirmance."    The order for judgment entered at General Term was in these words: "The judgment entered on the report of the referee herein 30th June, 1887, for $3,659.08, having been affirmed by the General Term of this court on the 12th day of December, 1887, with costs and disbursements, and the same having been taxed at the sum of $122.97, it is ordered  *  *  *  that the same be and hereby is entered as a judgment against said defendant and appellant."

It thus appears that the appeal actually taken was from the whole judgment, and not from a part thereof, and that the judgment itself was entire and indivisible.

It is contended by the defendants that, because the undertaking refers to the judgment of the General Term as one for costs alone, it should not be held to cover the original judgment which was affirmed by the order of the General Term, but should be limited to so much of such judgment as awarded costs.    It is claimed that the rule which restricts the lia-

bility of sureties to the strict terms of their contract, and forbids an extension thereof by inference or implication, requires such a construction of the undertaking. We concede the full force of the rule referred to, but are of the opinion that it does not apply to a case where the instrument shows a clear intention to come under a more enlarged obligation.

We think that such an intention is found in the terms of this undertaking.

A cogent illustration of the rule referred to is found in the case of *Goodwin et al.* v. *Bunzl et al.* (102 N. Y. 224). In that case the defendants had executed an undertaking on an appeal to the General Term from a judgment for the recovery of a chattel. The undertaking actually given was in the form prescribed by the Code to stay execution on money judgments alone. It was held, in accordance with what was assumed to have been the intention of the parties, that the undertaking was a valid security for the stay of proceedings on the appeal, as otherwise it would have been an idle ceremony to execute it.

We think the intention here was equally clear, from the whole instrument, that the parties intended to secure a stay on the entire judgment rendered by the General Term. It was unnecessary in this case for the appellants, in order to perfect the appeal to this court, to give any other undertaking than one to pay all costs and expenses awarded on the appeal, not exceeding five hundred dollars. (§ 1326, Code of Civil Procedure.) But to stay an execution, it was necessary to give a further undertaking to the effect " that if the judgment or order appealed from, or any part thereof, is affirmed, or the appeal is dismissed, he (the appellant) will pay the sum recovered or directed to be paid by the judgment or order, or the part thereof as to which it is affirmed." (§ 1327.) It was at the option of the appellant to give the first or both of these undertakings and to unite them in one instrument or not, as he should elect. (§ 1334.) The defendant here gave both undertakings and combined them in one instrument. ·

This indicated an unmistakable intention to procure a stay

of execution on some judgment already entered. Is it credible to suppose that it was intended to procure a stay for the insignificant sum of the costs alone and leave itself exposed to the hazard and inconvenience of being forced to pay the larger sum of nearly four thousand dollars?

The same reason which would induce to stay proceedings on the smaller amount would operate still more forcibly for any larger sum. It would be a very restricted construction which would limit the protection of this undertaking to the smaller amount alone.

We also think this construction is in harmony with the language used in the undertaking. That states the date of the judgment entered, the court and county in which it was entered and refers to an affirmance of some prior judgment between the same parties by the General Term. It seems to us that this is all that is required to form a good undertaking for the entire judgment, unless some indication is found in the instrument, or the notice of appeal of an intention to appeal from a part of the judgment only. We find no such indication. It is not the office of the undertaking to show the nature and scope of the appeal, for that is performed by the notice of appeal. The only object of describing the judgment in the undertaking is to enable it to be identified as the subject of the instrument, and when this is accomplished its office has been performed.

This was effected by referring to it as a judgment of a certain date, between certain parties, or as an affirmance of a judgment between the same parties, with costs. The award of costs by the General Term was an incident merely of the affirmance and could have had no legal existence separate from such affirmance.

There was, in fact, but one judgment in the General Term of the date and between the parties described and but one actually appealed from or referred to in the undertaking, and to hold that the judgment referred to included the costs only would violate the intention of the parties and enable the defendants to take advantage of an assumed ambiguity created by their own act.

Suppose the character of the judgment was not described in the undertaking with exact particularity, so long as there was enough in the description to identify it with certainty, can it be held that the undertaking is, for that reason, void or ineffective? The undertaking described a judgment in the Supreme Court in favor of the respondents and against the appellant, entered on the 12th day of December, 1887, in Kings county "for the sum of $122.97, being costs of affirmance," and says, " the said appellant feeling aggrieved thereby intends to appeal therefrom to the Court of Appeals." Is it not the judgment entered on the twelfth of December that the appellant intends to appeal from? It seems absurd to say that they intended to appeal from the mere incident of that judgment. No such intention is indicated in the undertaking, but the inference seems clear that the intent was to appeal from the whole judgment. The parties acted upon this understanding and no execution was issued, or attempt made to collect the judgment. It is evident that that was also the understanding of the parties when they served their notice of appeal, for that instrument fully describes an appeal from an order affirming the original judgment, and when the parties say in their undertaking that they " do also undertake that if the *said judgment so appealed from* or *any part thereof* is affirmed, or the appeal is dismissed the appellant will pay the sum recovered or directed to be paid by the judgment of (or) the part thereof as to which judgment is affirmed," they had in view such judgment as was fully described in the notice of appeal, as well as that which was also described, though somewhat briefly, in the recitals of the undertaking. The whole judgment having been appealed from and affirmed how can the sureties perform their undertaking that the appellant shall pay so much of the judgment *appealed from as may be affirmed*, unless they be held liable for the amount required to be paid by the judgment of the General Term, which included the original judgment as well as costs of appeal? The effect of the judgment of the General Term was to authorize the plaintiffs to proceed and collect the original judgment and was,

in effect, a judgment directing the payment of the sum due thereon to the plaintiffs.

Such we understand to be the effect of the decision in *Hinckley* v. *Kreitz et al.* (58 N. Y. 583). Judge Church there says: "When the judgment was affirmed at General Term the liability of the defendants (the sureties in the first undertaking) was fixed. The defendant, their principal, had a right of appeal to the Court of Appeals; but to do so it was, in the first place, indispensable to furnish sureties to an undertaking for $500 to secure costs and to stay proceedings to an undertaking to pay the judgment if affirmed." It was accordingly held in that case that the liability of the sureties on appeal to this court was for the payment of the original judgment, as included in and covered by the judgment of affirmance, and relieved the sureties on the appeal to the General Term from their primary liability.

As stated by the codifiers, section 1332 was framed to make the principle of this decision a part of the statutory law. That section reads as follows : "When the judgment or order, from which an appeal is taken to the Court of Appeals, affirms a judgment or order to the effect specified in either of the last five sections, the undertaking must be the same as if the judgment or order, from which the appeal is taken, was to the same effect as the judgment or order so affirmed." In other words, if the judgment affirmed required the payment of money the order of affirmance must be treated as though it had directed the payment of the same sum as that provided for by the original judgment, and an undertaking given on appeal from a judgment of affirmance will have the same effect as though the judgment of affirmance had expressly directed the payment of the sum included in the original judgment. The meaning of this section is not plain, but it nowhere purports to prescribe the form of an undertaking and this was, of course unnecessary, as it may be in any form which expresses the intent of the parties with sufficient clearness to enable the court to understand its meaning. There was room for question, under the previous sections, whether a mere judgment of

affirmance was a judgment for the recovery of money, when the original judgment was not expressly re-adjudged in the order of affirmance, and the section seems to have been intended to clear up this question.

By section 1317 the General Term were prohibited from expressly awarding the payment of a sum of money in affirming a judgment, and this left it in some doubt as to whether a judgment of affirmance was a judgment for a sum of money, within the meaning of section 1327, which could be secured by an undertaking on appeal from the General Term, but this section, in substance, provides that a judgment of affirmance shall be treated in the undertaking as a judgment for the recovery of money; otherwise there is no way provided by the Code for staying execution on such a judgment during the appeal to the Court of Appeals.

The form of an undertaking to stay an execution on appeal from a judgment for a sum of money is given by section 1327, and section 1332 was unnecessary and inadequate to effect any change of this form and it, therefore, says substantially that the undertaking given on an appeal from a judgment of affirmance shall be the same as though that judgment was to the same effect as the original judgment or, in other words, the same as upon a judgment for money.

As thus construed it is intelligible and accomplishes the object which the codifiers state was the purpose of the section. If interpreted as a direction for the form of an undertaking, it utterly fails to convey any idea and throws no more light upon the form of the instrument than would any other jumble of words. We, therefore, disapprove of the construction given to such an undertaking in *Morss* v. *Hasbrouck* (10 Abb. [N. C.] 407).

The order of the General Term should be reversed and the judgment rendered at Circuit affirmed, with costs to plaintiff in all courts.

All concur.

Order reversed and judgment affirmed.