ELIZA A. MARTIN, Respondent, *v.* THE EQUITABLE ACCIDENT ASSOCIATION, of Binghamton, Appellant.

61   467
_8ap132
61h  467
51ad610
.61h     467
70 AD ²159

*Accident insurance — when an injury is the sole and proximate cause of death — question for the jury — waiver of a condition requiring written notice of an injury.*

A certificate of membership in an assessment accident insurance association provided for the payment of an amount named therein in case of the death of the member from bodily injuries, effected through external, violent and accidental means, within the intent and meaning of the contract and of the conditions annexed thereto. One of said conditions provided that the benefits of the certificate should not extend to any bodily injury happening directly or indirectly in consequence of any disease, nor to any death or disability caused wholly or in part by bodily infirmities or disease, nor to any case except where the injury was the proximate and sole cause of the disability or death.

Upon the trial of an action brought to recover the amount named in such certificate, it appeared that, on April twenty-seventh, the deceased received an injury to a finger upon his right hand, that blood poisoning ensued; that this caused his death; that, on April eighth, he had received an injury to the thumb of his left hand, which inflamed and suppurated, and that it was possible that poisonous matter from the thumb might, at or near the time of the accident to the finger, have been communicated to it and caused such blood poisoning.

*Held*, that it was a question for the jury to determine whether the injury to the finger was within the terms of the policy, and was the proximate and sole cause of death.

That where a corporation, after verbal notice of an injury to the insured, sent one of its medical directors to examine the condition of the wound, it must be deemed to have waived a condition of the certificate requiring written notice to it of such injury.

APPEAL by the defendant, the Equitable Accident Association, of Binghamton, from a judgment of 'the Supreme Court, entered in the office of the clerk of the county of Broome on the 1st day of June, 1891, upon a verdict for the plaintiff for $5,512.50, after a trial at the Broome Circuit before the court and a jury, with notice of an intention to bring up for review upon such appeal an order denying the defendant's motion for a new trial, made upon the minutes of the court.

The evidence tended to show that the secretary of the defendant resided in the same city with the deceased; that verbal notice of the injury was communicated to said secretary five days after the injury was received; that he sent one Orton, a medical director of the company, to call upon the injured man; that said Orton examined the wound and reported to said secretary, and that subsequently, in company with Orton, two other physicians examined the wound. A condition of the policy gave the defendant a right to make such examination in case of an injury.

*David Murray*, for the appellant.

*Carver, Deyo & Jenkins*, for the respondent.

MERWIN, J.:

This action is brought upon a certificate of membership, issued by the defendant on the 23d of November, 1883, to William A. Martin, the husband of the plaintiff, agreeing to pay to the plaintiff the principal sum, not exceeding $5,000, realized upon an assessment in accordance with the by-laws of the defendant, within sixty days after due and satisfactory proof that the member, at any time during the continuance of the membership, shall have sustained bodily injuries, effected through external, violent and accidental means within the intent and meaning of the contract and the conditions thereunto annexed, and such injuries alone shall have occasioned death within ninety days from the happening thereof. One of the conditions referred to was that the benefits under the certificate should not extend to any bodily injury happening directly or indirectly in consequence of any disease, nor to any death or disability which may have been caused wholly or in part by bodily

infirmities or disease existing prior or subsequent to the date of the certificate, nor to any case except where the injury is the proximate and sole cause of the disability or death. Another of the conditions was that immediate notice of the injury should be given to the defendant in writing, and that failure to give such notice within five days from the happening of the accident should invalidate all claim under the certificate.

It was alleged in the complaint that on the 27th of April, 1889, William A. Martin accidentally cut or wounded a finger on his right hand, and that some substance was, at or about the same time either from the instrument that made the cut or wound, or from some other source or manner unknown to plaintiff, accidentally communicated to the cut or wound and blood poisoning ensued, and the assured died from said injury or injuries on the 10th of May, 1889, and that said death was occasioned alone by said accidental injury or injuries. The defendant in its answer claimed that the death was due to disease, and that written notice of the injury had not been given as required by the conditions of the certificate.

At the trial, evidence was given by the plaintiff tending to substantiate the allegations of the complaint, and that the written notice of the injury had been waived by the defendant. It also appeared that on the 8th of April, 1889, Martin had accidentally received an injury upon the thumb of the left hand, had badly bruised it; that the thumb became quite swollen, was lanced about ten days or two weeks after the injury; that after it was lanced it continued to suppurate up to the time of the second injury, and that virus from this sore upon the thumb may have been in some way communicated to the second injury at or about the time of its occurrence, and produced the blood poisoning. How the second injury happened is not shown by direct evidence. A piece of flesh about the size of a pea was taken from the finger, and there is evidence leading toward the inference that this was torn out in the use by Mr. Martin of an umbrella that he had been accustomed to use during the existence of the sore on his other hand.

At the close of the evidence the court held, as matter of law, that the plaintiff could recover, though the death was caused by blood poisoning caused by the pus from the first wound, and that the only question for submission to the jury was in relation to the waiver of

the condition of written notice. Upon the latter question, as the defendant did not ask to go to the jury upon it, the court also held upon that in favor of the plaintiff, and directed a verdict for the amount claimed.

The appellant claims (1) that the assured came to his death from a disease known as "blood poisoning," contracted by or through contact of the sore on the right hand with diseased matter from the sore on the thumb of the left hand, and that it was error to direct a verdict for the plaintiff; (2) that there is no evidence from which waiver of notice can be held as matter of law or at all; (3) that the court erred in admitting evidence of the amount of an assessment.

Upon the last proposition the defendant claims that the allegation in the complaint was not broad enough to admit the evidence. The allegation was "that an assessment under the articles of incorporation and by-laws of said defendant, at the time of the death of said assured, and for a long time thereafter, far exceeded the said sum of $5,000." This evidently referred to an assessment such as the certificate or policy in question called for, and, under it, it was competent to show what an assessment under the provisions of the policy would have amounted to.

The rule upon the subject of waiver has been quite definitely settled by the Court of Appeals. The failure to give written notice would result in a forfeiture. In regard to such a case, it is said in *Titus* v. *Glens Falls Insurance Company* (81 N. Y., 419), that "it may be asserted broadly that if, in any negotiations or transactions with the insured, after knowledge of the forfeiture, it (the company) recognizes the continued validity of the policy or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is, as matter of law, waived; and it is now settled in this court, after some difference of opinion, that such a waiver need not be based upon any new agreement or an estoppel." This principle was followed in *Roby* v. *American Central Insurance Company* (120 N. Y., 510). There was evidence in the present case sufficient to warrant a finding of waiver under the rule as above laid down. Very likely, upon this subject, the defendant would have had the right to go to the jury had it been requested, but as no such request was made when the attention of counsel was called to it, the defendant cannot complain that the

court decided it.   Upon the other issues, did the court err in ordering a verdict for the plaintiff?

The evidence showed that the death was produced by blood poisoning, and that this was occasioned by the inoculation into the wound of some poisonous substance at or very soon after the wound was made.   If the inoculation occurred at the time the wound was made so that it was, in fact, a part of the accident, I see no good reason why the death might not be attributed to the accident as the sole and proximate cause although blood poisoning ensued.   The latter would be produced by the accident, and within the distinction recognized by Judge PECKHAM in *Bacon* v. *United States Mutual Aid Association* (123 N. Y., 308).

Whether, as a result from the first injury, the plaintiff might not have a cause of action therefor is not involved here, as no such cause of action is alleged in the complaint.

In *Martin* v. *Manufacturers' Accident Indemnity Company* (15 N. Y., Supp., 309), which was an action brought by the same plaintiff, as in the present case, upon a similar certificate issued by another company, and having reference to the same accident and death, it was held by this court that the question whether the death ensued from injuries covered by the provisions of the policy was for the jury to determine.   The evidence in that case on the subject was substantially as here.   Following that case, it became here a question of fact for the jury to determine whether the injury complained of was within the terms of the policy, and was the proximate and sole cause of the death.   This involved the question whether the death was caused wholly or in part by any disease within the meaning of the policy.

We think the case should have been submitted to the jury and that a new trial should be granted.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed and new trial ordered, costs to abide the event.