DWYER v. RORKE.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

APPEAL—STAY OF PROCEEDINGS.

An undertaking on appeal to pay all costs and damages which may be awarded against appellant, and, if the judgment is affirmed or the appeal dismissed, to pay the amount of such judgment, is not sufficient to stay the enforcement of the judgment pending the appeal.

Appeal from special term, New York county.

Action by Thomas N. Dwyer against James Rorke for dissolution of a partnership, and for an accounting. By consent, an interlocutory judgment was entered, dissolving the partnership, and directing an accounting before a referee as to the partnership transactions. Defendant appealed from this judgment, and gave the following undertaking:

"Whereas, on the —— day of ——, 1896, in the supreme court, city and county of New York, Thomas N. Dwyer, the respondent, recovered a judgment against James Rorke, the appellant, for four thousand eight hundred fifteen and ⁵⁷/₁₀₀ dollars costs and disbursements, and the appellant, feeling aggrieved thereby, intends to appeal therefrom to the appellate division of the supreme court for the first department: Now, therefore, we, Michael H. Hagerty, residing at No. 221 Union street, in the city of Brooklyn, and Terence F. Curley, residing at No. 59 Eighth avenue, in the city of Brooklyn, do jointly and severally, pursuant to the statute in such case made and provided, undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding five hundred dollars, and do also undertake that if the judgment so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which judgment shall be affirmed."

An accounting was had, and the referee's report was confirmed, and judgment was entered thereon that plaintiff recover of defendant $4,815.57, and that "either party hereto may apply at the foot of this decree for a distribution of any moneys or other assets of said copartnership not heretofore distributed." Plaintiff moved for an order directing payment to him of a portion of moneys of the firm which had been collected. The motion was denied, and plaintiff moved for a reargument, which was also denied. From the order denying the original motion and the motion for a reargument, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

George Putnam Smith, for appellant.
George A. Strong, for respondent.

PER CURIAM. The rights of the parties to the fund in court are settled by the judgment in this action, and, so long as that judgment stands, there is no doubt that the plaintiff is the owner of more than $10,000 of that fund. That judgment, although appealed from, is presumed to be correct; and, unless proceedings are stayed in the action pending the appeal, the plaintiff is entitled to his share of the money awarded him by that judgment. The undertaking which was given in this action is not sufficient to stay the proceedings of the plaintiff for the purpose of obtaining the payment of that money. Steinback v. Diepenbrock, 5 App. Div. 208, 39 N. Y. Supp. 137. Until those proceedings were stayed, the plaintiff was entitled to have the money paid over to him, within the rule laid down in that case. The order made in this case, therefore, was erroneous, and must be reversed, with $10 costs and disbursements, and the motion granted.