(25 Misc. Rep. 127.)

MARKOE v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Special Term, New York County. November, 1898.)

1. APPEAL—UNDERTAKING—SUFFICIENCY—STAY.
    An undertaking on appeal which binds appellant to pay a certain sum
    as costs of appeal, and also the amount recovered by the judgment, binds
    the sureties to pay not only the costs of appeal, but also the original
    judgment, pursuant to Code Civ. Proc. § 1327.

**2. SAME—SURETIES—SURRENDER OF SECURITY.**

A voluntary surrender by a surety on defendant's appeal bond of security which it had taken cannot affect plaintiff's rights against such surety, where no notice of an intention to make such surrender was given.

Action by Annette B. Markoe against the American Surety Company of New York on appeal undertaking. Judgment for plaintiff.

Jay & Candler (Flamen B. Candler, of counsel), for plaintiff.

Henry C. Willcox, Jr. (Horace C. Deming, of counsel), for defendant.

LAWRENCE, J. The undertaking which was first presented for approval was rejected by Mr. Justice TRUAX for the reason that the sum which might fall due under the judgment of the general term might exceed $20,000, and that the insertion of that amount as the limit of the liability of the defendant, in case of the affirmance of the judgment, was not a compliance with section 1327 of the Code of Civil Procedure. That undertaking having been rejected, it must be assumed that the intention of the parties in giving the new undertaking was to remedy the defect pointed out by Mr. Justice TRUAX in his decision. The undertakings before the court seem to be in compliance with the Code, as construed by the court of appeals in McElroy v. Mumford, 128 N. Y. 303, 28 N. E. 502. In that case it was held that it is not the office of an undertaking to show the nature and scope of the appeal, but that the only object of describing the judgment therein is to enable it to be identified as the subject of the instrument, and that when this is accomplished its office is performed. The facts in this case are quite similar to those in McElroy v. Mumford, supra. There the undertaking on appeal from the general term to the court of appeals recited that the respondent had recovered a judgment for a certain sum, being costs of affirmance and interest, and the sureties undertook to pay all costs and damages not exceeding $500, and also "that if the said judgment so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which judgment is affirmed." In the undertakings in this suit it is recited that the $87.36 are costs of appeal, the equivalent of costs of affirmance in the McElroy undertaking, and the further undertaking is to pay the sum recovered or directed to be paid by the judgment. This sufficiently identifies the judgment, and shows that the parties by executing the undertakings intended to and did obtain a stay of proceedings. The opinion expressed in the affidavit of Mr. Candler, which is relied upon as showing that the plaintiff was not stayed by the undertakings in question, is claimed by him to have related to the undertaking rejected by Mr. Justice TRUAX. The payment of August 14, 1894, was made before the undertaking on the part of William B. Wetmore was filed with the clerk of the county of New York, and served upon the plaintiff's attorneys, and there was no stay as to the defendant William B. Wetmore until then. The affidavit may then have only referred to the rejected undertaking, as Mr. Candler in-

sists, and as the sum of $10,543.14 was paid by the New York Life Insurance & Trust Company on the 14th of August, 1894, that payment was not made after a final stay had been secured by William B. Wetmore. The order of the 31st of October, 1894, was made without prejudice to the appeal, which it was in no wise to impair, and it did not work any such change in the situation of the parties as to release the defendant from its liability as surety. No notice whatever was given by the defendant that it intended to surrender any security which it had taken from Sarah Taylor Wetmore, and such surrender, being voluntary, cannot affect the rights of the plaintiff. I am therefore of the opinion that the plaintiff is entitled to judgment against the defendant for the sum of $9,133.23, with interest from June 3, 1896; that being the amount then due to the plaintiff as shown by the bill of particulars.

Draw decision and judgment accordingly, and settle on five days' notice. Ordered accordingly.