(53 Misc. Rep. 41)

### SAGEHOMME v. PAUL B. PUGH & CO.

(Supreme Court, Special Term, New York County. February 26, 1907.)

APPEAL—STAY OF PROCEEDINGS—EFFECT OF BOND.

Code Civ. Proc. § 1310, provides that, where certain appeals are perfected and the other acts required to stay execution of the judgment or order appealed from have been done, the appeal stays all proceedings to enforce the judgment or order appealed from. Section 1326 provides that, to render an appeal effectual, appellant must give an undertaking for the costs and damages of the appeal. *Held*, that the giving of such undertaking did not stay proceedings on a judgment against appellant directing it to forthwith remove certain obstructions from plaintiff's premises.

Action by Bandinn Sagehomme against Paul B. Pugh & Co. Motion to punish defendant for contempt of court. Denied.

James S. Darcy, for the motion.
Hugo S. Mack (Selden Bacon, of counsel), opposed.

GIEGERICH, J. The plaintiff applies for an order to punish the defendant corporation and two of its chief executive officers for contempt for alleged willful disobedience of a judgment directing the defendant forthwith to remove certain obstructions from the plaintiff's premises. The judgment, which also awards costs to the plaintiff amounting to $139.55, has been affirmed by the Appellate Division, and the defendant has appealed to the Court of Appeals.

The defendant has given an undertaking in the sum of $500 for the payment of all costs and damages, pursuant to section 1326 of the Code of Civil Procedure, which it is claimed stays all proceedings upon the judgment appealed from. This contention is made under section 1310, which, so far as material, provides:

"Where an appeal to the General Term of any court or to the Appellate Division of the Supreme Court, or to the Court of Appeals, or otherwise, has been heretofore, or shall hereafter be, perfected, as prescribed in this chapter, and the other acts, if any, required to be done to stay execution of the judgment or order appealed from have been done, the appeal stays all proceedings to enforce the judgment or order appealed from."

Section 1326 of the Code prescribes that to perfect the appeal the appellant must give an undertaking for the costs and damages of the appeal not exceeding $500. But such an undertaking for costs does not affect a stay of execution of a judgment. That matter, in the case of ordinary judgments, is regulated by sections 1327 to 1331, both inclusive, which provides, respectively, for staying judgments; (section 1327) for money; (section 1328) directing the assignment or delivery of a document or of personal property; (section 1329) recovery of a chattel; (section 1330) directing the execution of a conveyance; and (section 1331) directing the sale or delivery of the possession of real property. The Code of Civil Procedure does not seem to have provided for the staying of proceedings upon the mere giving of an undertaking without an order of the court in a case like the present one.

Indeed, the absence of such a provision was commented upon in Genet v. President, etc., D. & H. Co., 113 N. Y. 472, 475, 21 N. E. 390, where it was held that the court below had power, in its discretion, to relieve the defendant from the operation of the injunctive judgment pending the appeal and sent the case back to the General Term for action; the court saying:

"The appeal does not of itself relieve the defendant from the duty to obey the judgment. The statute does not prescribe any method by which the execution of a judgment can be stayed in a case like this. Nor would a mere order staying proceedings by the plaintiff enable the defendant to prosecute its business in violation of the judgment."

The case of McElroy v. Mumford, 128 N. Y. 303, 28 N. E. 502, relied on by the defendant, is not in point here, as the judgment in that case was an ordinary money judgment, and the only question which arose was whether the sureties were liable on the bond on appeal for the amount of the original judgment. The court held that the bond was sufficient to stay execution on the original money judgment, and that the sureties were liable. Neither is Howe v. Searing, 6 Bosw. 684, in point. That arose under the old Code, the provisions

of which, so far as they related to a stay of proceedings in a case like this, were entirely different. It thus seems that the giving of the undertaking in this case did not entitle the defendant to a stay of the execution of the judgment without an order of the court to that effect. It certainly would not have stayed proceedings upon a judgment for the payment of a sum of money. Dwyer v. Rorke, 8 App. Div. 617, 40 N. Y. Supp. 934. It is clear that a stay in a case like this can only be granted by the court upon notice to the adverse party and upon such terms as to it may seem just. It is not claimed that the defendant has obtained such an order, nor does the defendant or its officers pretend to have obeyed the directions contained in the judgment. While under ordinary circumstances the respondents might be adjudged guilty of a contempt of court, I am satisfied that they failed to obey the judgment, not from any intention to disobey, but rather because of an honest belief that all proceedings were stayed by the giving of the undertaking.

Under these circumstances, the motion to punish them for contempt will be denied, provided within five days after service of notice of entry of the order hereon an application shall be made to the court for a stay of proceedings, and that $10 costs be paid. If this is not done, or if the motion is made and it is not diligently brought on for argument by the defendant, or if the motion is granted on terms and such terms are not complied with, or if such motion for a stay is denied, the motion may be renewed upon additional papers.