McNAMEE v. NATIONAL SURETY CO.

(Supreme Court, Appellate Term, First Department. January 7, 1916.)

1. INSURANCE ⬅430—INDEMNITY INSURANCE—LIABILITY.

A surety company issuing a bond conditioned to indemnify plaintiff, a marshal, against "all claims for or by reason of the levying and sale, etc., of all or any personal property which plaintiff may judge to belong to said judgment debtor," followed by a recital referring first to the original suit and the execution issued to plaintiff against the goods of the judgment debtor, and continuing, "and whereas certain personal property that appears to belong to the said judgment debtor against whom said execution has been issued as aforesaid is or may be claimed by some other party or parties," was not liable thereon to the marshal because of a recovery by the defendant in execution in an action against the marshal for wrongful levy and execution upon exempt property.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. ⬅430.]

2. EVIDENCE ⬅448—PAROL EVIDENCE AFFECTING WRITINGS.

Where no extrinsic circumstances known to the defendant or with knowledge of which defendant would be chargeable are shown to exist, parol evidence is not admissible to establish a limitation, detrimental to defendant upon the plain import of the language of a writing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. ⬅448.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by James L. McNamee against the National Surety Company. From a judgment in favor of plaintiff after trial by judge without a jury, defendant appeals. Reversed, and new trial granted.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Chopak & Cahn, of New York City (Monroe J. Cahn, of New York City, of counsel), for appellant.

Isador Goetz, of New York City, for respondent.

BIJUR, J. Plaintiff, a marshal, sues to recover from the defendant, the surety on an indemnity bond, because of a recovery by the defendant in execution against the present plaintiff in an action for the wrongful levy and execution upon exempt property.

[1] The point made by appellant is that although the language in the condition of the bond is general and recites an agreement to indemnify the plaintiff against "all claims for or by reason of the levying and sale, etc., of all or any personal property which plaintiff may judge to belong to said judgment debtor," etc., in the usual form, this language must be held to be limited by the recital which refers first to the original suit and the execution issued to plaintiff commanding him to take the goods and chattels of the judgment debtor, and continues, "And whereas certain personal property that appears to belong to the said judgment debtor against whom said execution has been issued as aforesaid is or may be claimed by some other party or parties, now, therefore, etc." In other words, appellant urges that this recital limits the indemnity, to which appellant is bound, to claims against plaintiff by third parties to the execution, and that it does not cover the judgment recovered against the plaintiff by reason of his having levied upon the judgment debtor's exempt property. In support of its position, the defendant appellant cites a number of cases, such as McElroy v. Mumford et al., 128 N. Y. 303, 28 N. E. 502; Nat. Mech. Bkg. Ass'n v. Conkling et al., 90 N. Y. 116, 42 Am. Rep. 405, note; De Camp v. Bullard et al., 22 Misc. Rep. 441, 50 N. Y. Supp. 807.

[2] Defendant does not contest their application, but contends that they hold that, in addition to the recitals in a bond or undertaking, the circumstances surrounding the transaction must also be taken into consideration in order to determine whether and to what extent the apparently general obligation of the surety is to be held limited.

It is not necessary for a determination of this appeal to decide which interpretation of these cases is correct, because respondent points to no circumstances, known to defendant or of which defendant would be chargeable with knowledge upon any possible theory, which would in any wise affect the evident limitation upon the appellant's liability indicated by the recital. The only circumstance which I can find even hinted at is that one of the attorneys who in this action appear for the defendant was the plaintiff in the action in which the execution was issued, and that defendant's present attorneys appeared as attorneys in that action for the plaintiff therein, and also appeared for the present

plaintiff in the successful action brought against him by the execution debtor. There is not the slightest suggestion that these attorneys were attorneys for the appellant at the time the bond was given, even assuming that there were circumstances which would modify the effect of the recital, and further assuming that knowledge of such circumstances on the part of the defendant's general attorneys would be imported to the client.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.