PEOPLES BANK OF HAMBURG, N. Y., Respondent, *v.* C. L. GATES, INC., Impleaded with COLUMBIA CASUALTY COMPANY, Appellant.

Fourth Department, May 6, 1931.

*Hamilton Ward* [*Julius A. Schreiber* of counsel], for the appellant.

*Harold V. Cook* [*John W. Ryan* of counsel], for the respondent.

CROSBY, J. This is an appeal from an order of the Special Term denying a motion, made by defendant Columbia Casualty Company, for a dismissal of the amended complaint on the ground that it does not state a cause of action against said company.

The important facts, as gathered from the amended complaint, are as follows: The defendant C. L. Gates, Inc., desiring to borrow $15,000 from the plaintiff, was required to secure the payment of its note, given therefor, by a bond. Defendant Columbia Casualty Company, for a premium paid to it, issued and delivered

its bond as such security. The note and bond were both dated July 31, 1930. The note, by its terms, was payable " on demand." The bond recited: " Whereas, the Peoples Bank of Hamburg is willing to lend and does lend the above-named principal certain moneys on notes signed by said Principal dated July 31, 1930, in the sum of Fifteen Thousand and 00/100 ($15,000) Dollars, to become due October 31, 1930,

" Now, Therefore, The Condition of this Obligation is such that if the above bounden Principal shall pay or cause to be paid to the Peoples Bank of Hamburg the note or notes which come due on October 31, 1930, or shall have the same renewed, then this obligation shall be void; otherwise to remain in full force and effect."

The note not having been paid, this suit was brought, and the appellant casualty company takes the position that it guaranteed the payment of a three months' note, not a demand note. There is ample support, in the authorities, for the position taken by appellant. In an old case (*Walrath* v. *Thompson*, 6 Hill, 540; affd., 2 N. Y. 185) it was said: " The terms of a guaranty must be strictly complied with, or the guarantor will not be bound. If he proposes a credit, that particular credit must be given to the principal. It is not enough that the creditor waits until the time has expired before he calls for payment. He must agree to wait, so that he cannot sue in the meantime." (See, also, *Leeds* v. *Dunn*, 10 N. Y. 469.)

Numerous cases could be cited to the same effect. In *Page* v. *Krekey* (137 N. Y. 307, at p. 314) it is said that a guarantor's obligation is *strictissimi juris*, " and he is discharged by any alteration of the contract, to which his guaranty applied, whether material or not, and the courts will not inquire whether it is or is not to his injury."

But respondent urges that the old rule of *strictissimi juris*, as applied to the law of guaranty, was evolved at a time when guarantors were generally volunteers, assuming their obligations without remuneration, and that the law ought to be relaxed in favor of a more liberal construction, in view of the fact that surety bonds are now quite generally written by corporations and for profit. I cannot see any reason for violating the agreement of parties just because the agreement was made with a view to profit. Most agreements are made with a view to profit. It is true, of course, that since surety companies frame the terms of their bonds, they are subject to the well-settled rule that uncertain and ambiguous terms will be construed most favorably to the beneficiary of the bond.

But the amended complaint here is free from difficulty of construction. There can be no question that a demand note dated July thirty-first is not a note " to become due " on October thirty-first. It is due forthwith. It may be sued on without even making a demand. (*Wheeler* v. *Warner*, 47 N. Y. 519; *McMullen* v. *Rafferty*, 89 id. 456.)

The original complaint is printed in the record. We may not consider it in determining the question before us. But, in alleging that " contemporaneously with the delivery to the plaintiff of said note above set out, the defendant, Columbia Casualty Company, as surety, made and delivered to plaintiff its written guaranty of payment of said note," the suggestion is made that plaintiff ought, perhaps, to have the privilege of pleading over. The amended complaint alleges nothing to show that defendant did anything to estop it from standing on the strict terms of its guaranty. And the amended complaint does not demand a reformation of the contract, and does not allege facts suggesting a right to a reformation of the contract as made.

In conclusion it should be pointed out, as indicating the intention of the parties, that the appellant's bond provided, by its terms, that it should become void, not only if the principal should pay the note, but also if the principal " shall have the same renewed." This provision in relation to renewal would seem to strengthen the notion that the parties had in mind a term note rather than a demand note.

I am of the opinion that the order of the Special Term herein should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with the privilege, however, to the plaintiff to serve an amended complaint, setting up facts to show that appellant acquiesced in the form of the note as drawn, or pleading in such other manner as it may be advised.

All concur, except CROUCH and THOMPSON, JJ., who dissent and vote for affirmance in an opinion by CROUCH, J. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

CROUCH, J. (dissenting). In regard to the rule of strict construction, it is at least clear that the courts will be cautious in applying it to the contracts of compensated sureties. (*St. John's College* v. *Ætna Indemnity Co.*, 201 N. Y. 335; *Town of Whitestown* v. *Title Guaranty & S. Co.*, 72 Misc. 498; affd., 148 App. Div. 900; affd., 209 N. Y. 512; *Village of Newark* v. *Leary Const. Co.*, 118 Misc. 622.) But even where it does apply, it goes no further than preventing the coverage by implication of matters which were not in the contemplation of the parties at the time the bond

was executed. (*John Hancock Mutual Life Ins. Co.* v. *Lowenberg*, 120 N. Y. 44, 49.) The extent of the surety's undertaking always depends upon the intent of the parties; and that intent is to be determined from the language used when read in the light of the circumstances surrounding the transaction. (*McElroy* v. *Mumford*, 128 N. Y. 303; *Ulster County Savings Inst.* v. *Young*, 161 id. 23; *Richardson* v. *County of Steuben*, 226 id. 13.) I see no reason, under the amended complaint herein, why evidence may not be given showing all the circumstances surrounding the execution and delivery of the bond and of the note. Such evidence may very well establish the fact that the identical note referred to in the complaint was the note referred to in the bond; that it was so understood to be by defendant; and that it was the very instrument, payment of which defendant intended to guarantee. The inconsistency between the literal language of the bond and of the note is not conclusive as to the knowledge and intent of the parties. A similar inconsistency in language in *McElroy* v. *Mumford* (*supra*) was no obstacle, even against gratuitous sureties.

The order should be affirmed, with ten dollars costs and disbursements.

THOMPSON, J., concurs.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to plead over within twenty days upon payment of the costs of the motion and of this appeal.