RUTH B. VIALL, Plaintiff, *v.* LELAND S. VIALL, Defendant.

Supreme Court, Monroe County, April 28, 1941.

*Charles E. Bostwick*, for the plaintiff.

*John Van Voorhis' Sons*, for the defendant.

GILBERT, J. This proceeding is but one step in what appears to have been a bitterly contested litigation arising out of the marital relations between the parties to the action, the marriage between them having been dissolved by a decree of divorce secured by the plaintiff in the year 1924.

In 1938 two *ex parte* orders were granted to the plaintiff in proceedings to enforce payment of accrued alimony. One order appointed a receiver and the other order settled the receiver's account and discharged him. The defendant moved this court at a Special Term for an order vacating the aforesaid two orders. Defendant's motion was denied and the defendant appealed to

the Appellate Division. The defendant also moved in Special Term for a resettlement of the order denying his motion to set aside the receivership and this motion was also denied and an appeal taken. The defendant procured a stay of proceedings pending the appeals. The plaintiff then moved in the Appellate Division for an order requiring the defendant to give an undertaking for the plaintiff's costs and damages by reason of the stay of proceedings granted pending the appeals. This motion was granted and the undertaking given. The Appellate Division affirmed the orders, one justice dissenting. (261 App. Div. 880; Id. 1044.)

One of the justices of the Appellate Division having dissented, the defendant has appealed to the Court of Appeals from the order of the Appellate Division which affirmed the orders of the Special Term and has filed an undertaking pursuant to section 593 of the Civil Practice Act. The attorney for the plaintiff refused to accept the notice of appeal to the Court of Appeals and returned to the defendant's attorneys the notice and accompanying copy of the undertaking on appeal.

The plaintiff now moves for an order appointing a referee pursuant to section 894 of the Civil Practice Act to ascertain and determine the costs and damages sustained by the plaintiff by reason of the restraining order granted by the Appellate Division pending the decision of the appeals to that court.

The defendant has appeared on this last motion and maintains that the plaintiff is not entitled to such a reference. He maintains that the plaintiff's practice is wrong and that, in any event, the plaintiff, in view of the fact that the defendant has appealed to the Court of Appeals and filed a bond to perfect that appeal, is restrained from taking any steps to enforce the undertaking given by the defendant to restrain plaintiff pending the determination of the appeals to the Appellate Division.

There are two questions to be decided on this motion: *First*, does the undertaking filed by the defendant on his appeal to the Court of Appeals stay any proceedings in the action by the plaintiff, and, *second*, if plaintiff is not stayed, is plaintiff's practice proper in moving for a referee to ascertain her damages, or is her remedy an action on the undertaking given in the Appellate Division.

Taking up the first question, the undertaking filed by the defendant in support of his appeal to the Court of Appeals is filed pursuant to section 593 of the Civil Practice Act and is, in an action such as this, an absolute requisite to the taking of an appeal. However, such an undertaking is merely a guaranty to the effect that he will pay all costs and damages awarded against him on the appeal not exceeding $500. Such an undertaking does not stay proceedings

on the part of the adverse party unless a stay is procured. (See *Sagehomme* v. *Pugh & Co.*, 53 Misc. 41.)

If plaintiff is not stayed from proceeding on the undertaking given in the Appellate Division, what is her remedy? The answer to this question depends upon the purpose for which the undertaking was given. If it was given for the purpose of staying execution, then section 161 of the Civil Practice Act would apply, and an action on the undertaking would be the proper remedy. If the undertaking was given in aid of an order staying the plaintiff from doing some act in violation of the defendant's rights, then section 893 of the Civil Practice Act, which specifies the type of undertaking to be given, would seem to apply, and the damages sustained by reason of the restraining order are determined in the manner provided by section 894 of the Civil Practice Act, which section provides that a referee may be appointed to determine the same.

The papers used on the application applying for the stay and to compel the filing of an undertaking are not before me, and there is nothing to be found in the moving papers which inform this court of the reason advanced for procuring the stay. The bond given recites: " Now therefore, National Surety Corporation, a New York Corporation having an office and place of business at No. 4 Albany Street, in the City of New York, does hereby pursuant to the Statute in such case made and provided, undertake that the appellant will pay all costs and damages which may be sustained by the respondent by reason of the stay of proceedings granted by the Appellate Division pending the appeal, not exceeding Two Hundred Fifty ($250) Dollars." This is the customary recital of undertakings given to secure injunction orders and specifically provides the payment of costs and damages sustained by the plaintiff by reason of the stay of proceedings granted by the Appellate Division. The Appellate Division has made its decision and its stay of proceedings has ceased. No further stay has been procured by the defendant, as the bond given on the appeal to the Court of Appeals covers merely the costs and damages on that appeal. The plaintiff is, therefore, in a position to enforce the liability incurred by the defendant and for the payment of which his undertaking was given.

It seems clear to this court that plaintiff has chosen the proper remedy to enforce the liability and that her motion for the appointment of a referee should be granted.

An order may be entered appointing Judson A. Parsons, Esq., referee, and providing that at least five days' notice of the date of the hearing be given to the defendant and to the surety on his undertaking.