ANTHONY J. MEAGHER, Respondent, *v.* GEORGE W. T. LORD
et al., Appellants.

(Submitted January 27, 1888; decided February 10, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made December 15, 1885, which affirmed a judgment in favor
of plaintiff entered upon a verdict and affirmed an order
denying a motion for a new trial.

*James M. Townsend, Jr.,* for appellants.

*McGuire & Kuhn* for respondent.

Agree to affirm; no opinion.
All concur.
Judgment affirmed.

---

GEORGE W. VARIAN, Respondent, *v.* ROBERT A. JOHNSTON,
Appellant.

(Argued January 27, 1888; decided February 10, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made December 15, 1885, which affirmed a judgment in favor
of plaintiff entered upon a decision of the court on trial at
Special Term.

The following is the opinion in this action:

"In July, 1884, the plaintiff, a builder, entered into a
written contract with the defendant to build for him a barn
for the price of $2,000. The contract provided for extra
work to be performed by the plaintiff for a fair and reasonable
valuation, and further contained this clause: 'Should any
dispute arise respecting the true construction or meaning of
the drawings or specifications, the same shall be decided by
Henry O. Avery, architect, and his decision shall be final and

conclusive; but should any dispute arise respecting the true value of the extra work, or of the works omitted, the same shall be valued by two competent persons, one employed by the owner, and the other by the contractor, and those two shall have power to name an umpire, whose decision shall be binding on all parties. After the plaintiff claimed that he had performed the contract on his part, he demanded of the defendant the balance due him therefor and for the extra work, and payment having been refused he brought this action to recover such balance.

"In his complaint the plaintiff alleged that he entered into the contract to construct the barn; that the defendant agreed to pay him therefor the sum of $2,000; that he had fully performed his contract and that the defendant had not paid him in full therefor, but that there remained due and unpaid to him upon the contract $800 with interest. He also alleged that he had performed certain extra work for which there was also due him the sum of $392.88 and interest; and he demanded judgment for the two sums. In his answer the defendant admitted the making of the contract, the demand of payment, the performance by plaintiff of certain work and the furnishing of certain materials not included in the contract, and he denied every other allegation contained in the complaint. As a separate and distinct defense and as a counter-claim, he alleged that the plaintiff had failed to perform the contract on his part; that the work was done in a defective and unworkman-like manner, with unsuitable materials; that the work and the materials were not such as were called for or required by the terms of the contract; that some of the work and materials called for by the contract were not furnished at all and that he had been put to expense and trouble in supplying the defective work and materials, and would be compelled to expend further sums in the same way to the extent of $450 in all; that the plaintiff had failed to complete the work within the time specified in the contract, on which account the defendant had also suffered damages, and he demanded a dismissal of the complaint, and judgment for the sum of $1,950 against plaintiff besides interest and costs.

" Upon the evidence it was a question of fact whether the plaintiff had fully performed the contract on his part, and the finding of the trial judge that he had fully performed it confirmed by the General Term, concludes us. We are also concluded by the finding of the judge as to the extra work and the value thereof.

" The main reliance of the defendant upon this appeal is based upon the clause in the contract above set out. But we are of opinion that that clause furnished him no defense.

" The decision of the architect was not to be invoked unless a dispute should arise 'respecting the true construction or meaning of the drawings or specifications,' and the plaintiff was not obliged to submit to such decision unless there was such dispute. There is no allegation in the answer that there was such dispute, or that the plaintiff had failed or refused to submit any dispute to the architect, and therefore the defendant cannot invoke that clause in the contract for a reversal of this judgment. He cannot succeed on this appeal upon a defense not set up in his answer, and not even alluded to in any way at the trial.

" These observations apply with equal force to the other clause of the contract providing for the valuation of extra work, in the case of dispute by arbitrators. There is no allegation in the answer that there was such dispute, or that the plaintiff refused to submit any such dispute to arbitration, or that the defendant ever offered to submit the dispute to arbitration, and there was no proof of any refusal on the part of the plaintiff or any offer or request on the part of the defendant to submit the valuation of the extra work to arbitration. The refusal to pay the plaintiff, when the demand was made by him for payment before the commencement of the action, was not put upon the ground that any dispute should first be settled by the architect or by arbitration, and the defense cannot now prevail. (*Sinclair* v. *Tallmadge*, 35 Barb. 602; *Smith* v. *Alker*, 102 N. Y. 87.)

A careful examination of the whole case leads us to the conclusion that no legal error was committed upon the trial, and that the judgment is just and should be affirmed with costs.

*E. Countryman* for appellant.

*Ralph E. Prime* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.

---

CATHARINE SHOOK, Respondent, *v.* THE CITY OF COHOES,
Appellant

(Argued February 3, 1888; decided February 10, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an
order made December 2, 1885, which affirmed a judgment in
favor of plaintiff entered upon a verdict, and affirmed an order
denying a motion for a new trial.

This action was brought to recover damages for personal
injuries caused by falling upon a sidewalk of one of defendant's
streets, upon which a quantity of earth had been deposited.
It was raining at the time and this had made the sidewalk
slippery and muddy.

The following is the opinion :

"Whether the plaintiff was guilty of negligence contributing
to the accident was a question of fact for the jury. The trial
judge could not properly rule, as matter of law, that she was
guilty of culpable imprudence in attempting to pass over the
obstructions upon the sidewalk, although they were known to
her. (*Pompfrey* v. *Village of Saratoga Springs*, 104 N. Y.
459.) Whether she could pass over them in the exercise of
proper care, or whether she was bound to go around them
into the muddy street, were questions of fact for the jury.

"The earth was thrown upon the sidewalk by an adjoining
owner who was engaged in building a trench and post holes
for a fence upon the line of his lot. The evidence on the part
of the plaintiff tended to show that this obstruction upon the
sidewalk had existed for about ten days, but on the part of