## PORTER *v.* SWAN.

*(City Court of Brooklyn, General Term. January 25, 1892.)*

ACTION ON BUILDING CONTRACT—ALTERATION OF PLANS—PAROL EVIDENCE.

> Parties to a building contract may, by their acts, waive a provision that subsequent alterations in the building shall be specified in writing; and, in an action by the builder to recover for such alterations, the referee erred in excluding evidence of a verbal request by the owner for additions to the building, and verbal promises to pay therefor.

Appeal from judgment on report of referee.

Action by Helen E. Porter, assignee, etc., against Alden S. Swan. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Daniel Cameron*, for appellant. *Bergen & Dykman*, for respondent.

VAN WYCK, J. There were two building contracts in writing made by Elihu Porter (the contractor and assignor of plaintiff) with the defendant Swan, (the owner.) One was for the erection of a stable, and the other for the erection of a dwelling. Both were completed, and then taken possession of by defendant. In specifications referred to in each contract, we find this provision: "*Alterations.* It is understood that the owner of the building and the architect shall have the right to make any alterations, additions, or omissions of work or material herein specified or shown on the drawings during the progress of the building that they may find necessary, and the same shall be acceded to by the contractor and carried into effect without in any way violating or vitiating the contract. And the value of all such alterations, additions, or omissions shall be agreed in writing between the owner and contractor before going into execution, or no allowance will be made for them by either party." The plaintiff brings this action to recover the value of extra work, or work not included in the contracts, specifications, or plans, unless covered by the

alteration clause, done by Elihu Porter upon these buildings at the request of defendant, and for which he expressly promised to pay. On the objection of defendant, all testimony which might show that such work was done, that defendant in his conversation requested and employed the contractor to do this work, expressly promising to pay him for the same, and which might also show defendant to have waived his right to have the value of the work agreed upon in writing, was excluded, on the ground that it was not in writing, in accordance with the specification provision relating to alterations. To these rulings the plaintiff duly excepted. If it was error to exclude this testimony, then the judgment must be reversed. If this clause deprives the parties thereto of the privilege of mutually agreeing to modify or alter its terms, or of making a new contract in relation to the subject-matter thereof, or waiving the requirement that the value of the work shall be reduced to writing, then the rulings cannot be complained of by the plaintiff. It has always been held that a written agreement could be rescinded or modified by a distinct subsequent oral agreement, provided that such agreement is not invalid under the statute of frauds. 1 Greenl. Ev. (14th Ed.) §§ 302–304. This clause does not prohibit or enjoin the parties from making a new contract, in whole or in part, in relation to the things contracted about. If they expressly agree to modify the same, it is valid. It has been frequently held in this state that restrictive clauses similar to, though not identical with, this one, can be waived expressly, or by the acts and conduct of the parties. The common provision in building contracts that no payments will be made without the usual architect's certificate is one; the very common provision in leases that the tenant shall not sublet without the written permission of the lessor is another. *Haden* v. *Coleman,* 73 N. Y. 567; *Smith* v. *Alker,* 102 N. Y. 87, 5 N. E. Rep. 791. The very point presented in this case was raised in *Stout* v. *Jones,* (Gen. Term, 5th Dept.) 9 N. Y. St. Rep. 570. Therein it was held that a provision in a building contract requiring all orders for extra work to be in writing could be, and was actually, waived in that case by the acts and conduct of the parties, and ceased to be a prerequisite to a recovery for such work. This case was affirmed by the court of appeals. 120 N. Y. 638, 24 N. E. Rep. 1096. This question, apparently, was raised in *Sutherland* v. *Morriss,* 45 Hun, 259, and apparently was decided in favor of the contention of respondent herein. But the opinion should be read in the light of the facts disclosed by the appeal-book, in which it seems that plaintiff testified that the owner (defendant) therein, when asked if he would pay for the extra work not then commenced, said he would not allow it, and refused to promise to do so. The same general term, composed of the same justices, cite with approval *Stout* v. *Jones* on the question of waiver of a requirement that a certain thing must be done as a condition precedent to the accruing of a right to another. In the consideration of this question we have assumed that all the work sued for was included in the alterations and additions provided for in this alteration clause. If it was not, then the restrictions therein do not apply thereto, and cannot be invoked to defeat a recovery for the work. We do not know whether or not it was so included, for the referee excluded the evidence which would have disclosed the fact. For these reasons we are of the opinion that the judgment ought to be reversed, a new trial ordered, with costs to abide the event, and the order of reference vacated.