## LAMSON CONSOLIDATED STORE-SERVICE CO. *v.* HARTUNG.[1]

*(Common Pleas of New York City and County, General Term. March 7, 1892.)*

1. SALE—WRITTEN CONTRACT—PAROL WARRANTY.
    Where a written contract of sale is definite and complete on its face, no evidence is admissible to prove a contemporaneous parol warranty.

2. SAME—BREACH OF WARRANTY—PLEADING.
    A judgment rendered on the theory of a breach of warranty in a contract of sale cannot be sustained on appeal, when the breach was not pleaded originally or by way of amendment at the trial.

Appeal from sixth district court.

Action by the Lamson Consolidated Store-Service Company against George C. Hartung. Judgment was entered in favor of defendant on a counterclaim. Plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Theodore H. Friend*, for appellant. *Doyle & Stiles*, for respondent.

BOOKSTAVER, J. This action was brought to recover $75, being the amount claimed due from the defendant to the plaintiff on the second monthly installment upon a contract for the purchase by the defendant from the plaintiff of two machines known as the "Lamson Cash Register." The defendant pleaded a rescission of the contract, and an offer to return the goods, and demanded the return of $75 already paid plaintiff as a first payment when the machines were contracted for. The chief question in this case is whether the contract signed by the defendant was complete in itself, and contained the entire contract between the parties, or whether a part of the contract rested in parol, so as to admit evidence to establish the oral part of the agreement. The contract seems to us to be complete in itself, as it contains all of the terms of an executory contract for specific machines, and became binding

[1]Rehearing granted. See 18 N. Y. Supp. 951, *mem.*; 19 N. Y. Supp. 233.

upon both parties when accepted by the plaintiff. In *Routledge* v. *Worthington Co.*, 119 N. Y. 592, 23 N. E. Rep. 1111, it was said that whether the writing was regarded as an order merely, or as an agreement, was immaterial in determining this question. And the case of *Seitz* v. *Machine Co.*, (U. S. Sup. Ct., Nov. 1891,) reported in 12 Sup. Ct. Rep. 46, we think is conclusive of the controversy in this case. It seems to be nearly on all fours with the one under consideration. In that case the defendant, a purchaser of a machine described in the contract as a "No. 2 Size Refrigerating Machine," set up false parol representations as a ground for rescission, and also a counterclaim for damages for breach of a parol warranty made prior to or at the time of the sale. In delivering the opinion, FULLER, C. J., said: "Undoubtedly the existence of a separate oral agreement as to any matter on which the written contract is silent, and which is not inconsistent with its terms, may be proved by parol, if, under the circumstances of the particular case, it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form a part and parcel of it. When the writing itself, upon its face, is concluded in such terms as impart a complete legal obligation, without any uncertainty as to the object and extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing. Greenl. Ev. par. 275. The written contract was in all respects unambiguous and definite. The machine which the company sold, and which Seitz bought, was a 'No. 2 Size Refrigerating Machine,' as constructed by the company, and such was the machine which was delivered, put up, and operated in the brewery. The warranty or guaranty that the machine should reduce the temperature of the brewery to 40 degrees Fahrenheit, while in itself collateral to the sale, which would be complete without it, would be part of the description, and essential to the identity of the thing sold, and to admit of proof of such an engagement by parol would be to add another term to the written contract, contrary to the settled salutary rule upon that subject."

But there is another reason why this judgment must be reversed. It was rendered, as we judge from the return, principally because there was a breach of warranty or guaranty. No such breach was pleaded, nor was there any attempt made to amend the pleadings, as was done and allowed in the case last cited. But, even on the evidence of the representations made before or at the time of the sale to Seitz, the court held that such representations did not warrant the defendant in rescinding the contract. *Seitz* v. *Machine Co.*, *supra*, differs from *Routledge* v. *Worthington Co.*, *supra*, in that, in the latter case, the evidence was held admissible only for the purpose of proving a distinct collateral agreement of the plaintiff that they should not reduce the trade price of the same kind of goods they sold to defendant, and which agreement related to a subject separate and distinct from that to which the written order applied. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.