FULTON *v.* METROPOLITAN LIFE INS. CO.

(*Common Pleas of New York City and County, General Term.* June 27, 1892.)

1. LIFE INSURANCE—ACTION TO RECOVER PREMIUMS—EVIDENCE.
    Plaintiff, being canvassed for life insurance by defendant's agent, took out policies on the life of her sister and brother, payable to herself, having signed their names to the application with the knowledge of the agent. After several years she ascertained that the policies were void on that account, and brought an action to recover the premiums paid. *Held,* that defendant was chargeable with the agent's knowledge of the invalidity of the policies, and that plaintiff was entitled to recover, though the facts were never communicated to defendant.

2. SAME—WAIVER OF CONDITION—INCONSISTENT DEFENSES.
    Defendant having, at the trial below, failed to elect to waive the condition making void the policy, and having defended the action on the theory that the policies were invalid, and that it was not chargeable with notice thereof, could not, on appeal, elect to treat the policies as valid.

3. SAME—APPLICATION—FORGERY OF SIGNATURE—INTENT.
    The defense that plaintiff had forged the names of her sister and brother to the applications, and that she was attempting to take advantage of her own wrong in maintaining the action, could not be sustained in the absence of any evidence of

intent to deceive, and of any representation on her part that they were genuine, and, in view of the agent's assurance of her competency, to sign their names.

**4. SAME—WAIVER OF DEFENSE.**

Defendant having received plaintiff's money, and had the benefit of it, could not defend the action on the ground of plaintiff's negligence in failing to read the conditions of the contract of insurance appearing in the premium receipt books furnished her.

Appeal from third district court.

Action by Elmira Fulton against the Metropolitan Life Insurance Company to recover premiums paid on a void insurance policy. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

*W. H. Arnoux*, for appellant.    *Albert I. Sire*, for respondent.

BISCHOFF, J.    Plaintiff procured from defendant two policies of insurance in her favor, one upon the life of a sister, the other upon the life of a stepbrother. She continued to pay the premiums for several years, when she claimed to have ascertained that the policies were valueless, because of a provision in the conditions of insurance to the effect that the policies should be null and void unless the applications therefor were signed by the applicant as well as by the persons whose lives were proposed for insurance; the signatures of the last-mentioned persons having been omitted from the applications for the policies issued to her. She thereupon demanded return of the premiums paid, and, that being refused, brought this action to recover the amount. On the trial plaintiff testified that the applications for insurance were solicited of her by one Walsh, who was conceded to have been defendant's authorized agent for that purpose. She further testified that said agent represented to her that the conditions of insurance would be sufficiently complied with if the names of the persons whose lives were proposed for insurance, as well as her own, were subscribed to the applications by her; and that relying upon such representations, and at the agent's request, she did subscribe the names of all. She admitted that at the time, or about the time, the policies were issued to her, she received from defendant, with each, a book intended for the entry of the receipt of the weekly premiums to be thereafter paid by her, and that she had ever since continued in possession of these books. The books were produced on the trial, and indorsed thereon was what purported to be extracts from defendant's rules for this class of insurance, among them the one which provided that the policy should be null and void unless the application therefor was signed by the applicant and the person whose life was to be insured. Plaintiff, however, denied that she had ever read these rules, or that she had any knowledge of the particular rule referred to before payment of the last of the premiums she sought to have returned to her. There was evidence tending to show that, at the time of applying for the insurance, plaintiff knew of the condition which rendered the policies void unless the applications therefor were also signed by the persons whose lives were to be insured; but with the trial justice's determination of the facts upon conflicting evidence we do not interfere, unless the determination is the result of palpable error, or a disregard of the preponderance of the evidence,—*Weiss* v. *Strauss*, (Com. Pl. N. Y.) 14 N. Y. Supp. 776; and the return does not indicate the existence of either of these grounds. Walsh, defendant's agent, knew that the names of the persons whose lives were proposed for insurance were subscribed to the applications, not by them, but by the plaintiff, and that the condition of insurance in this respect was not complied with. This knowledge he acquired while engaged in the transaction of defendant's business, and, though the facts were never communicated to the defendant, it was alike chargeable with such knowledge. *Cox* v. *Pearce*, 112 N. Y. 637, 640, 20 N. E. Rep. 566. It was within the power of the defendant to waive the condition requiring the signatures of the per-

sons whose lives were proposed for insurance to the application, (*Titus* v. *Insurance Co.*, 81 N. Y. 410, 419,) and upon such waiver the policies issued to plaintiff would have been effectual and obligatory upon defendant. No such defense, however, was attempted on the trial, and it is not for that reason available for the first time on appeal. *Varian* v. *Johnston*, 108 N. Y. 645, 15 N. E. Rep. 413. The pleadings in the court below were oral, and for the ascertainment of the nature of the action and defense our only recourse is to the proceedings on the trial. The bringing of the action to recover the premiums paid assumed the policies issued to the plaintiff to be void for noncompliance with the condition already referred to, and the attitude of the defendant on the trial was consistent only with a like assumption on its part, thus repelling the inference of a waiver of the condition from receipt and retention of the premium, and precluding the obligation of the policies issued from being raised as a defense to the demand for return of the premiums. Having elected to treat the policies as void, defendant will not be permitted on appeal to change the theory of its defense, and to assume a position inconsistent with that taken on the trial. *Home Ins. Co.* v. *Western Transportation Co.*, 51 N. Y. 93, 96; *Stapenhorst* v. *Wolff*, 65 N. Y. 596; *Lockwood* v. *Quackenbush*, 83 N. Y. 607; *Wangler* v. *Swift*, 90 N. Y. 38, 44; *Wines* v. *Mayor*, etc., 70 N. Y. 613; *Codd* v. *Rathbone*, 19 N. Y. 37, 39. But in attempted justification of its refusal to refund the premiums paid, and unmindful of its own turpitude in so doing, defendant urges that plaintiff's recovery enables her to take advantage of her own wrong. What wrong? That she was deluded into the payment of premiums to the defendant by its own agent? Plaintiff is charged with the forgery of the names of her sister and stepbrother to the applications. But, to constitute the crime of forgery, an intent to deceive and to impose the subscription of the application as that of the persons whose lives were proposed for insurance must be apparent. Pen. Code, § 509. It nowhere appears, however, that she represented the subscription of the names of her sister and stepbrother to the applications to be their signatures, and that the subscription was not so was a fact known to defendant's agent, at whose request and upon whose representation that it would answer defendant's requirements she affixed the names. Instead of being the deceiver, she was the deceived; for, unless defendant consented to waive the signatures of the persons upon whose lives the insurances were intended to be effected, the policies issued to her were void, and she received no value for the premiums subsequently paid by her.

Next, defendant urged that plaintiff should not be permitted to recover, because in the payment of the premiums she negligently omitted to read the conditions of defendant's contract of insurance indorsed on the books issued to her. Assuming plaintiff to have been negligent in this respect, we fail to perceive therein any justification of defendant's refusal to return the moneys paid to it, and which it ought never to have received, since it elected to treat the policies as void. It is elementary that money paid under a mistake of fact may be recovered, and the mistake of fact under which plaintiff paid the premiums sought to be recovered by her was that her applications for insurance complied with the conditions upon which the policies were issued to her, —a mistake which in part, at least, was induced by the misrepresentations of defendant's own agent. Neglect to examine or read a contract before it is entered has sometimes been held a bar to relief, but only when the granting of relief would have worked injury to others; and in such cases the relief has been denied upon a proper invocation of the rule that, as between two equally innocent persons, he through whose fault the injury was occasioned should suffer the loss. But when, if the relief is afforded, no injury will happen to others, and particularly when the person to whom money was paid by mistake knew, or ought to have known, that he was not entitled to receive it, the neglect to read the contract will constitute no bar, and restitution of the

moneys paid will be compelled, since, under such circumstances, a refusal to return the moneys would be unconscionable. *Lawrence* v. *Bank,* 54 N. Y. 433; *Union Nat. Bank* v. *Sixth Nat. Bank,* 43 N. Y. 452; *Mayer* v. *Mayor, etc.,* 63 N. Y. 455. The judgment appealed from should be affirmed, with costs.