## McGRATH v. MANGELS.

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

1. APPEAL—REVIEW—DISCRETION OF TRIAL COURT.
　　The decision of the trial court on conflicting testimony will not be disturbed.
2. PAROL EVIDENCE—TO EXPLAIN TERMS OF AGREEMENT.
　　Plaintiff alleged that he bought a mare on condition that the money should be returned if the mare was not as represented. The only writing was a letter sent by plaintiff with the purchase money, and which was incomplete as an agreement. *Held,* that parol evidence was admissible to show defendant's representations.

Appeal from tenth district court.

Action by John A. McGrath against William H. Mangels for money had and received to the use of plaintiff. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

*William H. Hamilton,* for appellant.　*Lewis J. Conlan,* for respondent.

BISCHOFF, J. It is conclusively apparent from the pleadings and proceedings upon the trial that plaintiff sought to recover in this action upon an alleged oral agreement between the parties to refund the purchase money, if upon trial the mare should not prove satisfactory to plaintiff. The fact of any such agreement was unequivocally denied by the defendant, and it is not supported by plaintiff's letter of April 11, 1892, addressed by him to the defendant, with the check for the purchase money, upon receipt of which defendant delivered the mare to the plaintiff. Whether or not such was the agreement was therefore a question of fact, which the trial court was called upon to determine upon the conflicting testimony of the witnesses; and careful consideration of all the evidence fails to convince us that there was such a preponderance for plaintiff that it was legal error for the court below to determine that question adversely to him. Recovery was sought, not for breach of an alleged warranty in the sale of the mare, but upon defendant's alleged promise to return the purchase money paid him, which was, upon the evidence, predicable at most of his agreement to return it if the mare was "not as represented." What the representations were, and whether they were true or false, were likewise questions of fact, determinable only from the testimony of witnesses, and with the determination of the trial court upon conflicting testimony we cannot interfere, except where there is a palpable miscarriage of justice. *Weiss* v. *Strauss,* (Com. Pl. N. Y.) 14 N. Y. Supp. 776; *Baird* v. *Mayor, etc.,* 96 N. Y. 567.

We have not failed to notice appellant's contention that the sale of the mare was not completed because defendant did not accede to the conditions stated in plaintiff's letter of April 11, 1892, and hence that the law implied a promise to return the purchase money, which accompanied the letter. This contention, however, is plainly inconsistent with plaintiff's attitude on the trial, and therefore not now available. *Fulton* v. *Insurance Co.,* (Com. Pl. N. Y.) 19 N. Y. Supp. 660; *Fay* v. *Muhlker,* (Com. Pl. N. Y., November Term, 1892,) 20 N. Y. Supp. 671. So, also, it is urged for reversal of the judgment that plaintiff's letter of April 11, 1892, constituted an agreement in writing, and that it was error for the trial court to admit parol evidence concerning

the nature of defendant's representations; but as the latter, if treated as an agreement, is plainly incomplete as such, in omitting to state what the representations were, the evidence objected to was properly admitted. *Store-Service Co.* v. *Hartung,* (Com. Pl. N. Y.) 18 N. Y. Supp. 143, and 19 N. Y. Supp. 234. The judgment should be affirmed, with costs.