(14 Misc. Rep. 406.)

## PORTER v. SWAN.

(City Court of Brooklyn, General Term. November 25, 1895.)

1. FINDINGS OF REFEREE—REVIEW.

A finding of a referee, on conflicting evidence, that a contractor had performed extra work, for which he was entitled to compensation, will not be reversed, as against evidence, merely because the contractor did not present his bill for extras till after he had received his final payment on the contract.

2. BUILDING CONTRACT—PROVISION FOR ARBITRATION—PLEADING.

Though a contract provide that, in case of dispute as to value of extra work, it shall be submitted to arbitration, one suing thereon for extras need allege or prove nothing as to arbitration, it not being raised by defendant, and defendant having refused to pay, not on the ground that the arbitration clause was not carried out, but for other reasons.

Appeal from judgment on report of referee.

Action by Helen R. Porter against Aldes S. Swan for work and materials. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

Bergen & Dykman, for appellant.

Daniel S. Cameron, for respondent.

CLEMENT, C. J. This action was brought to recover the value of extra work and materials on two building contracts, one for the erection of a dwelling house, and the other of a stable. The referee reported in favor of the plaintiff for the sum of $52 for extra work on the stable, and for the sum of $1,132.96 for extra work on the house. The defendant contests, on this appeal, only the claim of plaintiff for the extra work on the house.

There was a sharp conflict in the testimony. The assignor of plaintiff, Elihu Porter, who was the contractor, was contradicted by the defendant. There seems to be no reason why the report of the referee should be set aside as against the evidence. The rule is well settled that a referee or a trial judge is more competent to pass upon the testimony than judges who sit upon appeal, who do not see the parties, and only read their testimony in a printed book. The fact that the contractor did not present his bill for extras until after he had received his final payment on the contract, does not require the appellate court to hold that the denial of the defendant is more weighty than the affirmative statement by the contractor. This was a matter to be considered by the referee, and his conclusion is binding on us. We held, on the former appeal (Porter v. Swan, 17 N. Y. Supp. 351), that the clause in the specifications that no allowance should be made for extra work to the contractor unless its value should be agreed upon in writing before the performance could be waived by the acts and subsequent oral agreements of the parties. We based our decision on the case of Stout v. Jones, 9 N. Y. St. Rep. 570, affirmed 120 N. Y. 638, 24 N. E. 1096. There is testimony in the case, which, though contradicted, was believed by

the referee, tending to show that the clause in question was waived, and that no attention was paid to it, except in a single instance, where the value was agreed upon before the item of extra work was performed.

The contract contained a clause that, should any dispute arise respecting the true value of the extra work, the same should be valued by two competent persons, one employed by the owner and the other by the contractor, and that the two should have power to name an umpire whose decision should be binding. It is contended by the appellant that the respondent was bound, under this clause, to produce a certificate of valuation or show that the defendant refused to carry out his agreement to arbitrate, or that, after appraisers were appointed, they unreasonably refused a valuation. This question seems to have been considered by the court of appeals in the case of Varian v. Johnston, 105 N. Y. 645, 15 N. E. 413. Judge Earl there said:

"There is no allegation in the answer that there was dispute, or that the plaintiff refused to submit any such dispute to arbitration, or that the defendant ever offered to submit the dispute to arbitration, and there was no proof of any refusal on the part of the plaintiff, or any offer or request on the part of the defendant, to submit the valuation of the extra work to arbitration. The refusal to pay the plaintiff, when the demand was made by him for payment before the commencement of the action, was not put upon the ground that any dispute should first be settled by the architect or by arbitration, and the defense cannot now prevail."

In the case of Smith v. Alker, 102 N. Y. 87, 92, 5 N. E. 791, it was decided, under a similar clause, that it was as much the duty of the defendant as of the plaintiff to take steps for the selection of arbitrators. The defendant in this case, before the action was brought, refused to pay, not on the ground that the arbitration clause had not been carried out, but for other reasons. Applying the law as decided by the court of appeals, we hold that this point, that there was no arbitration as to value of extra work, was not well taken.

Another point is made that the architect was allowed to testify that the extra work was done to his satisfaction, and no certificate of the architect was produced as to the extra work. The defendant produced and put in evidence the certificates of the architect called for by the contract. The last payment made was $900, which, by the contract, was due when the contract was completed. The architect certified that the house was finished, and, by the contract, he could not determine the value of the extra work. We think that the architect furnished the certificates as required by the contract, and the plaintiff was bound to furnish no other. The answer given by the architect was not material to the issue, but it in no way prejudiced the rights of defendant.

The other questions raised by the appellant seem to be of fact, and, as the testimony was conflicting, as said before, we cannot disturb the decision of the referee.

Judgment affirmed, with costs. All concur.