## VOLUME 55,

### AND

# New York State Reporter,

## VOLUME 89.

---

(25 Misc. Rep. 485.)

### WEISBROD v. DEMBOSKY.

(Supreme Court, Appellate Term. December 13, 1898.)

LEASE—WAIVER OF CONDITIONS.
    A landlord may orally waive a condition of a written lease prohibiting the tenant from subletting the premises without his written permission.

    Appeal from municipal court, borough of Manhattan, Fourth district.

    Action by Samuel Weisbrod against Morris Dembosky. There was a judgment for defendant, and plaintiff appeals. Reversed.

    Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

    J. Rieger, for appellant.
    N. L. Levy, for respondent.

    GILDERSLEEVE, J. The defendant leased to the plaintiff the store and basement of No. 114 Stanton street for one year from May 1, 1897, on the specified terms, among others, as appears by the written lease annexed to the record, as follows, viz.: The premises were to be used for the clothing business, and for no other purpose without the written consent of the defendant. The plaintiff was not to sublet any portion of the premises without the written consent of the defendant. Plaintiff was to make all repairs, and to reimburse defendant for any money that the latter might be obliged to pay for that purpose, and was to surrender the premises in as good condition as reasonable use and wear thereof would permit. Plaintiff was to

pay to defendant the sum of $55 as security for the faithful perform-ance by plaintiff of all the covenants of the lease, which sum was to remain in defendant's possession until the end of the lease, when it was to be returned to plaintiff, provided the latter had faithfully com-plied with the covenants of the lease; otherwise this money was to be kept by defendant as liquidated and settled damages.   The said sum was, in accordance with the provisions of the lease, duly paid over to defendant; and at the end of the leased term plaintiff demanded the return of the $55, which demand was refused by the defendant, and plaintiff brought this action for a conversion.   It appears from defend-ant's bill of particulars that defendant counterclaimed $39 for repairs that he was obliged to make.   The pleadings are otherwise oral.   The complaint is for a conversion, and the answer is a general denial. It was stipulated, however, as appears from the stipulation annexed to the record, that the general denial was based on the claim that the plaintiff had been guilty of two breaches of the covenants in the lease, to wit:   (1) That he sublet the cellar of the premises without the written consent of the defendant; and (2) that he failed and refused to keep in repair the said premises as required by the terms of the lease. On the trial the plaintiff admitted that he had sublet the cellar, for a business other than the clothing business, without the written consent of the defendant.   He swore, however, that the defendant had given him a verbal consent to do so.   The plaintiff also tried to show that he had kept the place in proper repair, but, on defendant's objection, the court refused to allow him to do so.   As no evidence whatever on this latter subject was introduced, we may regard the second claim of the defense and defendant's counterclaim set forth in the bill of par-ticulars as abandoned, so far as this appeal is concerned.   At the end of plaintiff's case, defendant made a motion to dismiss the complaint on the ground that plaintiff's own testimony showed that he had not complied with the terms of the contract of lease, inasmuch as he had sublet a portion of the premises, for a business other than the clothing business, without the written consent of the defendant.   The motion was granted, and the complaint was dismissed at the close of plaintiff's direct case.   From the judgment entered thereon the plaintiff ap-peals to this court.

As the complaint was dismissed at the close of the plaintiff's direct case, we are to assume that the testimony offered on his behalf is true, and we must draw all fair inferences most favorable to the plain-tiff from the evidence before us.   For the purpose of this appeal, there-fore, it must be held that defendant did, in point of fact, give to the plaintiff, orally, permission to depart from the terms of the lease in the particulars alleged by plaintiff, and that defendant thereby waived the requirement of a written consent to the subletting.   The plain-tiff, acting on this permission, sublet the premises, and defendant is estopped from exercising his right to retain the $55 on account of plaintiff having sublet the premises without a written consent.   There may be an effectual waiver by parol of a condition specified in a writ-ten contract.   See Smith v. Gugerty, 4 Barb. 614; Iron Co. v. Eisner, 7 Jones & S. 200.   If no such waiver had been made, the defendant should have given testimony to contradict the plaintiff's assertion.   It

was error, under the evidence presented, to dismiss the complaint at the end of plaintiff's direct case.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.　All concur.