GREENBERG et al. v. MENDELSON et al.

(Supreme Court, Appellate Term.    March 2, 1906.)

1. CONTRACTS—PERFORMANCE OR BREACH—ARCHITECT'S APPROVAL—NECESSITY.
    In the absence of proof of waiver of an architect's certificate, required by the contract sued on, testimony of the architect, who was called as plaintiff's witness that the work was not completed, indicating numerous defects and deficiencies in the work, was affirmative proof of nonperformance, and, without evidence tending to establish an unreasonable refusal on the part of the architect to furnish his certificate, warranted a dismissal of the action.

2. SAME—WAIVER OF PERFORMANCE.
    A provision in a contract that orders for extra work shall be in writing may be waived.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Wolff Greenberg and another against Israel Mendelson and another. From a judgment in favor of defendants, plaintiffs appeal. Affirmed in part and reversed in part.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Marks & Marks, for appellants.

Feltenstein & Rosenstein, for respondents.

GREENBAUM, J.   The first cause of action was properly dismissed. There was no proof of waiver of the architect's certificate, and the architect, who was called as plaintiff's witness, testified that the work was not completed; indicating numerous defects and deficiencies in the work. There was, therefore, affirmative proof of nonperformance, and there was no evidence tending to establish an unreasonable refusal on the part of the architect to furnish his certificate.

A different situation, however, exists with respect to the second cause of action.   The court excluded testimony proffered by plaintiff tending to establish the installation of washtubs for defendants, upon the ground that the written contract between the parties for the bathtubs, basins, and sinks provided that no work shall be considered as extra unless ordered in writing, or accepted on a written estimate.   Aside from the fact that the putting in of washtubs would not necessarily be construed as extra work within the contemplation of the parties, it is well settled that a provision that orders for extra work shall be in writing may be waived.   Abells v. City of Syracuse, 7 App. Div. 501, 40 N. Y. Supp. 233; Weisbrod v. Dembosky, 25 Misc. Rep. 485, 55 N. Y. Supp. 1; Porter v. Swan (City Ct. Brook.) 17 N. Y. Supp. 351.   It was error to exclude the proofs offered in support of the second cause of action.

The judgment should be affirmed as to the first cause of action, and reversed as to the second cause of action, and a new trial ordered in respect thereto, without costs to either party.   All concur.