## WILKINSON *v.* McKIMMIE.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 273. Argued May 1, 1913.—Decided June 9, 1913.

A court of equity looks to substance rather than to form. Whether the contract of the principal has been so altered as to discharge the surety is to be decided according to the essentials.

In this case *held* that an arrangement as to a reservation in a convey-

ance made simply to save expense of reconveyance and which did not alter the position of the principal or his surety was not such a material change as would discharge the surety.

36 App. D. C. 336, affirmed.

THE facts, which involve questions of liability of sureties on a bond and what constitutes a variation of contract sufficient to release them, are stated in the opinion.

*Mr. Charles Poe* and *Mr. Alfred D. Smith* for plaintiffs in error.

*Mr. John Ridout,* with whom *Mr. Wm. E. Ambrose* was on the brief, for defendants in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

By the judgment here under review the Court of Appeals affirmed a judgment in favor of the Messrs. McKimmie against Wilkinson and Kemp in an action upon a bond they had signed as sureties for one Horton. By an agreement in writing, the McKimmies agreed with Horton to convey to him four lots in Block 9 of Todd and Brown's subdivision of Mount Pleasant and Pleasant Plains for $11,500, which he agreed to take and pay for as follows: To assume a mortgage of $3,000 and pay $1,000 on delivery of the deed; to reconvey to the Messrs. McKimmie two lots, each 16 feet 8 inches front on Brightwood Avenue (part of the land above described), free and clear of encumbrances, and erect on each of these lots a two-story brick dwelling, according to approved plans and specifications, within eight months from the date of the agreement, for which construction and completion, clear of mechanics' liens or other encumbrances, Horton agreed to furnish a sufficient and satisfactory bond to the McKimmies; and for the balance of the purchase price, $500, Horton was

to give two notes, secured by a second deed of trust upon
two other lots in the tract, "upon which he is to erect
houses similar to those herein described." The agreement
expressly provided that "The said houses contracted for
to be constructed as aforesaid shall be delivered upon their
completion to the parties of the first part [the Messrs.
McKimmie] as their property in fee simple and shall be free
and clear of all encumbrances or liens."

The bond in suit recited the agreement, and was condi-
tioned for its faithful performance by Horton.

The opinion of the Court of Appeals (36 App. D. C.
336) sets forth the full history of the controversy and the
course of the trial. We deem it necessary to mention
only one of several matters that were discussed in argu-
ment before us, and that is, the contention that the plain-
tiffs in error were discharged from responsibility as sureties
because of the fact that by arrangement made between
the Messrs. McKimmie and Horton, instead of their con-
veying to him the two lots that were to be theirs in the
outcome, and upon which he was to build the houses that
were to become their property, they had, with his consent,
reserved these two lots from the conveyance.

We agree with the Court of Appeals that while in form
the contract required the plaintiffs to convey the whole
of the land to Horton, who was to erect certain houses
upon the two lots and reconvey them to the plaintiffs free
and clear of encumbrances, the real purpose and effect of
the agreement was that Horton was to have title to the
remainder of the land in consideration of his erecting these
two houses for the plaintiffs; and that, notwithstanding
the form of the contract, its essence was such that if the
McKimmies had conveyed the whole plot to Horton they
would nevertheless have remained in equity the owners of
the two lots. For a court of equity looks to substance
rather than to form.

It is hardly necessary to say that the question whether

the contract of the principal has been altered so as to discharge the surety, is to be decided according to the essentials, in whatever jurisdiction it may be raised. And so we think the court correctly held that the arrangement that was made between the McKimmies and Horton, of reserving the two lots from the conveyance in order to save the expense of a reconveyance, was not a material change in the contract; that it did not alter the position of either Horton or his sureties, and therefore did not discharge the latter. *Read* v. *Bowman,* 2 Wall. 591, 603; *Reese* v. *United States,* 9 Wall. 13, 21; *Cross* v. *Allen,* 141 U. S. 528, 537.

*Judgment affirmed.*