VILLAGE OF NEWARK, Plaintiff, *v.* JAMES F. LEARY CONSTRUCTION COMPANY and NATIONAL SURETY COMPANY, Defendants.

Supreme Court, Wayne County, April, 1922.*

Guarantee and suretyship — abandonment of municipal contract by contractor — completion by village — changes in contemplation of parties — waiver of technical deviation — liability of surety company on contractor's bond — interest.

While the usual rule for the interpretation of contracts applies to the contract of a surety company guaranteeing the performance of a contract of public work, the true test of the liability of the surety company is whether or not there has been a substantial performance of the other contract.

* Received too late for insertion in proper place.— [REPR.

A contract with a village for the construction of a pipe line over a designated route provided for changes to be paid for according to the unit prices specified in the contract, and also for changes which were to be paid for as extra work. At a certain point the pipe line was to have crossed private property but difficulty having been experienced in obtaining a right of way, the line was shifted so as to follow the highway. Such change, which involved an increase in the length of the pipe line, was agreed upon before the work under the contract was begun, and the larger part of the substituted line was completed before the contractor abandoned work under the contract. In an action against the surety company for such loss as the village had sustained in completing the work under the contract, *held*, that the change in the contract was reasonably within the contemplation of the parties, and did not constitute such a material change as to make a new contract between them, so as to release the surety company on its contract.

The work necessitated by the change made in the route having been done in circumstances such as to justify the conclusion that a provision of the construction contract relating to the giving of a written order of the engineer for the work was waived, the omission to give such written order was but a technical deviation from the contract not affecting the substantial rights of the surety company, and will be disregarded, particularly as no question was raised by defendant about the propriety of the change, until suit brought.

The plaintiff was entitled to recover as damages interest on the excess cost of completing the contract, although the effect will be to make the recovery larger than the amount of the surety company's bond.

No notice of the abandonment of the contract having been given to defendant until the demand was made for payment of the cost of completion, the interest should be calculated from the date of such notice.

ACTION on construction and surety contract.

*John H. Egan* (*Nelson E. Spencer*, of counsel), for plaintiff.

*O'Brien & McSweeney*, for James F. Leary Construction Company.

*Plumb & Plumb*, for National Surety Company.

RODENBECK, J. The obligation of the National Surety Company in this case depends upon the contract which it made. It claims that changes were made in the construction contract which in effect created a new contract. If the plaintiff is entitled to recover it must recover upon the contract made and not upon another contract. The complaint of the surety company is that material changes were made in the contract which release it from its guaranty.

The rule of strict construction which applies to a voluntary surety has no application in this case. The true test is whether or not the contract has been substantially performed by the contractor. The usual rules for the interpretation of contracts apply to the contract of construction and suretyship. If changes were contemplated under the construction contract the surety company is bound by such changes provided they were reasonably within the contemplation of the contract although no written order was given therefor. *City of Middletown* v. *Ætna Indemnity Co.*, 121 App. Div. 589; *Town of Whitestown* v. *Title Guarantee & Surety*

*Co.,* 72 Misc. Rep. 498; notes to 33 L. R. A. (N. S.) 513; 12 A. L. R. 382.

The contract does contemplate changes. The surety company guaranteed the contract with this possibility in mind. The contract provides for changes which shall be paid for according to the unit prices specified in the contract and for changes which should be paid for as extra work. In both cases there was to be a written order of the engineer for the work. Such an order was not given but the work was done under such circumstances as to justify the conclusion that the provision relating to the written order was waived. If a written order had been given the surety company would not necessarily have known of it and it could not have made any difference. If the construction company could have recovered for the work done on the substituted route under the conduct of the parties the waiver was complete. The village clearly was not in a position to claim that the change had not been authorized. The omission to give a written order, therefore, is a technical deviation from the contract not affecting the substantial rights of the surety company and should be disregarded. The surety company well knew that this provision might be waived and it assumed its obligation with this knowledge. *Greenberg* v. *Mendelson,* 49 Misc. Rep. 485; 9 C. J. 846; 40 Cyc. 252.

The changes authorized by the construction contract, however, are not any and every change that might occur to the parties although the language seems to be unlimited. They could not make changes which would amount to a new contract upon which no guaranty was given. The changes must be such as were within the reasonable contemplation of the parties. In this instance it was assumed by the village and the construction company that the change did not involve extra work but such as should be paid for according to the unit prices for similar work, so that the parties themselves did not regard the change as so material as to be classed as extra work. *Smith* v. *Molleson,* 148 N. Y. 241; *Ulster County Savings Inst.* v. *Young,* 161 id. 23; *City of Middletown* v. *Ætna Indemnity Co., supra; Wilkinson* v. *McKimmie,* 229 U. S. 590, 593.

The change was made because of some difficulty in obtaining rights of way over the original route. The pipe line followed generally the main highway between the village and the storage reservoir but at a certain point it deviated and crossed private property. Difficulty was experienced in obtaining a right of way and the line was then shifted so as to follow the highway which took a turn at the point of deviation. The change involved an increase in the length of the pipe line of about 877 feet, the total length of the line being 3,800 feet. The change was agreed upon

after the construction company had begun any work under its contract and the larger part of the substituted line was completed before the contract was abandoned. This change does not constitute such a material change as to make a new contract between the parties and relieve the surety company. It was a change which was reasonably within the contemplation of the parties. No question was raised by the surety company about the propriety of the change until the plaintiff sought to recover its loss through the abandonment of the contract. The comparison of the actual cost of completion with the total cost of the contract does not give a fair impression of the extent of the change. It should be made upon the basis of the cost of the two routes or of the 877 additional feet at the prices specified in the contract or at the prices prevailing when the contract was made and allowance should be made for the saving in hauling over a part of the substituted route. Under all the circumstances the extent of the change was not such as to warrant the conclusion that the contract which the surety company guaranteed was at an end when the change was made so as to release it. *United States* v. *McMullen,* 222 U. S. 460, 468.

The plaintiff is entitled to recover interest on the excess cost of completion although the interest would make the recovery larger than the amount of the bond, the interest being treated as damages for failure to pay promptly when it received notice of the completion of the contract by the village. There is no provision in the contract for giving notice to the surety company of the abandonment of the contract and no notice was given to it until the demand was made for the payment of the cost of completion. This notice was the first opportunity that the surety company had to ascertain the amount of its liability and interest should be reckoned from the date of this notice. *Degnon-McLean Co.* v. *City Trust Co.,* 99 App. Div. 195; *Faber* v. *City of New York,* 222 N. Y. 255; note to 19 L. R. A. (N. S.) 84.

The plaintiff is entitled to recover the sum of $15,435.56 with interest from October 27, 1920, besides costs.

Judgment accordingly.