### WALRATH *vs.* THOMPSON.

The terms of a guaranty must be strictly complied with, or the guarantor will not be bound.

Thus, where J., being desirous of purchasing goods of the plaintiff on credit, procured a letter of guaranty from the defendant to the plaintiff, by which the defendant promised to be surety for the amount of the goods to be paid *January* 1, 1840; and the plaintiff sold the goods to J. and took his note, payable *December* 25, 1839; *held* that the defendant was not bound by his guaranty, although the plaintiff did not require payment from J. until after the 1st of January, 1840.

Walrath *v.* Thompson, 6 Hill 540, affirmed.

THIS case was before the supreme court, and is reported in 6 *Hill,* 540, (*see also* 4 *Hill,* 200,) when a new trial was ordered on the ground that there had not been a compliance with the terms of the guaranty, and consequently the defendant was not bound by it.     The cause was afterwards tried, and the plaintiff was nonsuited, on the ground upon which the new trial had been ordered.     The plaintiff excepted, and after judgment against him in the supreme court, brought error to this court.

*N. Hill, Jr.,* for plaintiff in error.

*B. D. Noxon,* for defendant in error.

After advisement, THE COURT held that the cause had been properly disposed of, and affirmed the judgment.[1]

---

[1] *Hunt* v. *Smith,* 17 Wend. 179; *Marsh* v. *Day,* 18 Pick. 321; *Millet* v. *Stewart,* 9 Wheat. 680; *United States* v. *Kirkpatrick,* Id. 720; *Wardens of St. Saviour's* v. *Bostock,* 5 Bos. & Pul. 175; *Dedham Bank* v. *Chickering,* 3 Pick. 341; *Union Bank* v. *Ridgely,* 1 Har. & Gill 432; *Arlington* v. *Merriche* 2 Saund. 403; *Kennebeck Bank* v. *Turner,* 2 Greenl. 42; *Leadley* v. *Evans,* 2 Bing. 32; s. c. 9 Moore 102; *Liverpool Waterworks* v. *Atkinson,* 6 East 507; *Peppin* v. *Cooper,* 2 Barn. & Ald. 431; *Evans* v. *Nythi,* 5 Bing. 485.